DURALITH CORPORATION *vs.* PASQUALE LEONARD.

Suffolk.    November 10, 1930. — January 30, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Appellate division: report; Requests, rulings and instructions; New trial; Finding by trial judge. *District or Municipal Court,* Rules. *Rules of Court. Contract,* In writing. *Sale.*

Requests by the defendant at the hearing of an action of contract in the Municipal Court of the City of Boston, "On all the evidence, the plaintiff is not entitled to recover," and "On all the law and the weight of the evidence, the plaintiff is not entitled to recover on" his declaration, not being accompanied by specifications of the grounds upon which they were based, did not comply with Rule 35 of the Municipal Court of the City of Boston (1928), and the judge was not obliged to consider them.

Where, at the hearing in a municipal court of an action of contract for the purchase price of goods described in an order admittedly signed by the defendant, it appeared that the defendant had sought to return the goods upon ascertaining the price stated in the invoice and testified that he did not read the order signed by him, and where there was evidence from the plaintiff, contradicted by that of the defendant, that the goods were shipped according to the order, it was *held,* that

(1) It was not open to the defendant to contend that he was misled by any expression in the order or by its form;

(2) A finding for the plaintiff was warranted.

Upon the hearing in a municipal court of an action of contract for $360 for merchandise delivered upon an order of the defendant in writing for "20 50 lbs. Bags Duralith @ 1000 lb. 18" and "10 100 lbs. Bags Duralith @ 1000 lb. 18," the order also stating, "It is understood that, when 3 ton order is received by company, we will rebate 2 cts a pound," the defendant testified that he "agreed to purchase one ton of the product at the price of $1.80 per bag; and that there would be a refund due him of twenty cents a bag when he purchased a three ton order." The judge found specially, "I find the defendant signed

the order understanding it to call for one ton in all at $360 or $1.80 a bag — and later refused because he changed his mind"; and found for the plaintiff in the full amount claimed. The defendant did not move for a new trial on the ground that the general finding was inconsistent with the special finding, but merely appealed from an order by the Appellate Division dismissing a report by the trial judge. *Held*, that

(1) The special finding and the general finding were not necessarily inconsistent since in the special finding the judge might have referred to a belief of the defendant as to the price for bags containing one hundred pounds;

(2) The contention as to the alleged inconsistency of the special or the general findings should have been raised by a motion for a new trial, and, not having been so raised, was not open on a report to the Appellate Division or on an appeal from the order of that division;

(3) The fact that this court, notwithstanding the record before them, considered such contention on the merits in the circumstances should not be taken as a precedent.

CONTRACT for goods sold and delivered. Writ in the Municipal Court of the City of Boston dated January 16, 1930.

At the hearing in the Municipal Court, it appeared that the order signed by the defendant and by a salesman of the plaintiff was for "20 50 lbs. Bags Duralith @ 1000 lb. 18," and "10 100 lbs. Bags Duralith @ 1000 lb. 18 . . . It is understood that, when 3 ton order is received by company, we will rebate 2 cts a pound." Other material facts and evidence and findings by the judge are stated in the opinion.

The judge found for the plaintiff in the sum of $382.80, and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

Rule 35 of the Municipal Court of the City of Boston (1928) reads as follows:

"Requests for rulings in the trial of causes shall be in writing and presented to the court before the closing arguments unless special leave is given to present requests later.

"No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.

" A request for a report to the Appellate Division shall contain a clear and concise statement of the ruling upon which a re-hearing is requested, sufficiently full and accurate for identification."

The case was submitted on briefs.

*J. S. Ellis & M. Horowitz,* for the defendant.

*S. Berkett,* for the plaintiff.

WAIT, J.    This is an appeal from an order of an appellate division dismissing a report of a trial judge who found for the plaintiff in an action for goods sold and delivered. The plaintiff claimed $360 as the price of one ton of " Duralith," " a wall texturing " composition at eighteen cents a pound, which, as appeared in evidence, had been shipped to the defendant upon an order taken by one of the plaintiff's salesmen, had been received by the defendant, but had been returned upon receipt of an invoice stating the price at $360. The plaintiff refused to accept the return, and brought suit. The defendant answered a general denial, payment, and that the plaintiff's agent had represented the price at a certain figure, in reliance upon which the defendant had given the order for two thousand pounds, but on discovery that a figure was charged greatly in excess of " the representation and warranty," the defendant, fraudulently induced to purchase by the agent's misrepresentation, had informed the plaintiff, returned the goods and rescinded the contract.

The reported evidence shows that there was sharp contradiction in regard to the purchase; the defendant testifying that he thought he was buying " California Stucco "; the agent, that nothing but " Duralith " was spoken of. The principal discussion at the sale was over the price per pound, which the agent testified and the order signed by the defendant showed was eighteen cents. A price list of " Duralith," which the agent testified was given the defendant before the sale, showed prices ranging from twenty-five cents per pound in lots of not less than fifty pounds to seventeen cents in lots of not less than ten tons, f. o. b. New York, with a rebate in certain cases. The defendant was to have a rebate of two cents per pound

if he ordered three tons. This agreement was minuted upon the order when signed. Witnesses for defendant testified that they knew nothing of " Duralith "; but " California Stucco " was known to them, and cost $1.75 per bag of one hundred pounds. The defendant testified that he did not read the order signed by him. It is not open to him, therefore, to claim that he was misled by any expression in it or by its form. At the close of the testimony he made ten requests for rulings, only one of which was given. The judge noted his decisions on the several requests and found for the plaintiff on the declaration, making, at the same time, this special finding: " I find the defendant signed the order understanding it to call for 1 ton in all at $360 or $1.80 a bag — and later refused because he changed his mind."

The defendant claimed to be aggrieved by the rulings and refusals to rule as requested, by the special finding, and by the decision finding for the plaintiff on the declaration. Before the Appellate Division he waived all except the refusal to give his first two requests and his objections to the special and general findings. The requests were: (1) " On all the evidence, the plaintiff is not entitled to recover "; (2) " On all the law and the weight of the evidence, the plaintiff is not entitled to recover on its declaration." These requests were not accompanied by specifications of the grounds upon which they are based, and thus do not comply with Rule 35 of the Municipal Court of the City of Boston (1928). The court was not obliged to consider them. Title passed on the shipment of the goods, G. L. c. 106, § 21, and there was evidence on which a finding for the plaintiff was legally possible. They were refused properly.

The contention that the special finding is inconsistent with the general finding is not sound. The judge might well believe that the defendant, as he testified, " agreed to purchase one ton of the product at the price of . . . ($1.80) per bag; and that there would be a refund due him of twenty cents ($.20) a bag when he purchased a three (3) ton order," and yet had also agreed to pay eight-

een cents a pound. The order specified twenty bags of fifty pounds, and ten bags of one hundred pounds, but the defendant testified that he did not read the order, and the judge could believe that he was thinking of ten-pound bags. The judge distinctly finds that the defendant understood his order to call for one ton at $360. The minute on the order was for a rebate of two cents a pound, which would amount to twenty cents on a ten-pound bag. In the contradiction of the witnesses the judge could have found that the number of pounds per bag was to be ten. Undoubtedly a general finding must be set aside if unequivocally inconsistent with a special finding, but the trend of the decisions is to sustain the general finding if possible. *Wakefield* v. *Wakefield Water Co.* 182 Mass. 429. *Lufkin* v. *Hitchcock,* 194 Mass. 231. *Reilly* v. *Boston Elevated Railway,* 206 Mass. 53. See *Wheeler* v. *Tarullo,* 237 Mass. 306.

This question should have been raised by a motion for a new trial (see cases just cited). It is not properly open on a report to an appellate division, at least until after a ruling by the trial judge. Had such motion been made, it might have appeared that the alleged contradiction was a clerical mistake which the judge could correct before the entry of a judgment. It is not to be taken as a precedent that we have here considered the point on the merits.

The order of the Appellate Division is

*Affirmed.*