EDGAR MAHONEY *vs.* ENID K. NORCROSS.

Middlesex.    October 5, 1933. — October 7, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way. *Practice, Civil,*
    Findings by judge, Requests, rulings and instructions.

The general rule, that on conflicting evidence at the trial of an action
    arising from a collision between automobiles at intersecting streets
    the contributory negligence of the plaintiff and the negligence of the
    defendant present questions of fact, was applicable.
A finding in favor of the plaintiff at the hearing of an action in a district
    court imports a finding of all subsidiary facts essential to that con-
    clusion and must stand unless unsupported by the evidence.
Requests for rulings of law at such a trial based on assumptions of facts
    not in accord with the facts found by the trial judge are immaterial.

TORT.    Writ in the Third District Court of Eastern
Middlesex dated September 1, 1931.

The action was heard in the District Court by *Counihan,*
J., who found for the plaintiff in the sum of $2,500. A report
to the Appellate Division for the Northern District was
dismissed. The defendant appealed.

*J. G. Schumb,* for the defendant.

*E. J. Flavin,* for the plaintiff.

BY THE COURT. The case at bar falls within the general
principle that in an action arising from a collision between
automobiles at intersecting streets the due care and con-
tributory negligence of the plaintiff and the negligence of
the defendant present questions of fact. The finding in
favor of the plaintiff imports a finding of all subsidiary facts
essential to that conclusion and must stand unless unsup-
ported by the evidence. Without summarizing the testi-
mony it is enough to say that a finding in favor of the plain-
tiff was warranted. *Ferreira* v. *Zaccolanti,* 281 Mass. 91.

The defendant presented several requests for rulings which
were refused because based on assumptions of facts not in
accord with the facts found by the trial judge. It is not

necessary to examine such requests because they are immaterial in view of the facts found. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. *Castano* v. *Leone,* 278 Mass. 429.

*Order dismissing report affirmed.*