ERNEST P. BAKER, JR. *vs.* GEORGE T. DAVIS.

ERNEST P. BAKER *vs.* SAME.

Norfolk.    November 4, 1936. — February 2, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way.  *Practice, Civil,* Appellate Division: appeal; Requests, rulings and instructions.

A finding that the operator of an automobile was negligent was not warranted by evidence showing only that a boy stumbled on a stone on a sidewalk and fell into the road across a grass plot into the path of the automobile, that there was no reason for the operator to have expected such an occurrence and that he had no opportunity to avoid the accident.

An appellate division should have ordered dismissed a report by a judge finding for a father in an action for expenses consequent upon an injury to his minor son alleged to have been caused by negligence of the defendant, although the report showed that the judge ruled that the plaintiff could not recover unless it were found that negligence of the defendant caused the son's injuries and reported evidence showed that no such finding was warranted, if the record did not show that a ruling that such a finding was not warranted was requested by the defendant or refused by the judge.

TWO ACTIONS OF TORT.    Writs in the District Court of East Norfolk dated April 20, 1935.

The actions were heard together by *McLeod,* J., who found for the plaintiffs in the sums, respectively, of $1,000 and $628.    Upon each of separate reports to the Appellate Division for the Southern District judgment was ordered entered for the defendant.    The plaintiffs appealed.

*D. H. Fulton,* for the plaintiffs.

*P. B. Bennett & E. W. Sawyer,* for the defendant, submitted a brief.

FIELD, J.    These two actions of tort were tried together in a district court.    The first action was brought by a minor by his next friend to recover compensation for personal injuries sustained by him as a result of the alleged negligent operation of a motor vehicle by the defendant.    The sec-

ond is an action brought by the father of the minor plaintiff to recover consequential damages. In each case there was a finding for the plaintiff, a report to the Appellate Division, which ordered entry of judgment for the defendant, and an appeal by the plaintiff to this court.

First. In the action brought by the minor plaintiff the Appellate Division based its order for the entry of judgment for the defendant on the ground of error by the trial court in denying the defendant's request that "The plaintiff has not sustained the burden of proving by a fair preponderance of the evidence that the defendant was negligent." The Appellate Division was right. The evidence did not warrant a finding that the defendant was negligent and, consequently, did not warrant a finding for the plaintiff.

The evidence tended to show these facts: The accident occurred in the afternoon of September 4, 1934, on Rockland Street, a public highway in the city of Quincy, when the defendant was operating a motor vehicle travelling in a southerly direction. At the right of the travelled part of the highway, which was twenty feet wide, was a grass plot, and beyond the grass plot a concrete sidewalk which "was very rough and had large stones on it." The plaintiff, a boy then eleven years old, was a member of a boys' club of which the defendant was captain. The boys were in the habit of saluting him when they saw him. When the plaintiff was walking — or running — on the sidewalk he heard an automobile coming along "in the center of the road" behind him which he recognized as the defendant's automobile. This automobile was travelling at a speed of about ten to twelve — or fifteen — miles an hour. The plaintiff looked back, saluted the defendant when he was twenty feet — or "about a car length" — away, "stumbled on a rock on the sidewalk and turned and stumbled from the sidewalk into the road." The right rear wheel of the defendant's automobile ran over the plaintiff's right foot. The defendant turned the automobile toward the "center of the road" and "went about a car length" and stopped. After stopping, the defendant opened the automobile door and asked the plaintiff, who was "hopping around" on his

left foot, if he ran over him, and the plaintiff replied that he didn't know, that his foot was in "awful pain." The plaintiff got into the automobile and the defendant took him to the hospital.

According to the testimony of the defendant he saw the plaintiff when one hundred seventy-five to two hundred feet away, but not later. But according to a statement signed by the plaintiff which was introduced in evidence the defendant returned the plaintiff's salute. According to this statement, also, the defendant's automobile when the plaintiff stumbled "was moving along the rough road on the right side of the highway," and the plaintiff thought by reason of the defendant's actions, "saluting me and driving so slowly, that he was going to stop for me because his car seemed to pull toward the right side of the road as he approached me." While in this statement the plaintiff said that the "right rear wheel" of the defendant's automobile ran over his foot, in answer to interrogatories the plaintiff said: "I don't know what part of the car hit me."

There is no basis in the evidence for a finding that the defendant was negligent in the operation of the automobile unless on the ground that, in the exercise of reasonable care, he should have foreseen that the plaintiff would come into the path of the automobile and thereby be exposed to the risk of being struck by it. There was no evidence that the plaintiff was not on the sidewalk when the defendant's automobile was approaching, or that the automobile ran upon the sidewalk, though it could have been found that the automobile was travelling so near the sidewalk that the plaintiff could fall from the sidewalk into its path. Doubtless the defendant was bound to exercise care with respect to persons on the sidewalk. See *Murray* v. *Liebmann*, 231 Mass. 7; *Meech* v. *Sewall*, 232 Mass. 460. But there was no evidence that if the plaintiff had remained on the sidewalk he would have been struck by the automobile, or that the defendant could have done anything after the plaintiff fell into the "road" to prevent the automobile from striking him. And it could not have been found that there was any reason for the defendant to expect that the plaintiff would

stumble and fall from the sidewalk into the "road." *Connors* v. *Worcester Consolidated Street Railway,* 228 Mass. 357, 361. *Lovett* v. *Scott,* 232 Mass. 541, 542. *Gavin* v. *Jacobs,* 259 Mass. 23. *Engel* v. *Checker Taxi Co.* 275 Mass. 471. *Foley* v. *Osgood,* 293 Mass. 280, 283. The accident, unless explained by the plaintiff's stumbling and falling from the sidewalk into the "road," is unexplained, and the mere happening of the accident would not warrant a finding of negligence on the part of the defendant. *Jabbour* v. *Central Construction Co.* 238 Mass. 453, 455. *Nager* v. *Reid,* 240 Mass. 211, 214.

Second. In the action brought by the father of the minor plaintiff the evidence was the same, in substance, as in the other action. It consisted principally of testimony of the minor plaintiff and of the defendant, answers to interrogatories by the minor plaintiff and a written statement signed by him. The report of the trial judge states that "the defendant made the following requests for rulings, which were allowed by the Court, 1. The plaintiff in this action cannot recover unless his son, Ernest Baker, Jr., recovers in his suit for injuries against the same defendant. 2. The plaintiff in this action cannot recover unless the Court finds that Ernest Baker, Jr. was in the exercise of due care and that the defendant was negligent at the time of the alleged accident. The Court found for the plaintiff. The defendant claiming to be aggrieved by these rulings and finding, I hereby report the same to the Appellate Division for determination."

The defendant was not aggrieved by the rulings of law made at his request, and the report of the "finding" presented no question of law for review by the Appellate Division. Doubtless this general finding for the plaintiff implied a ruling of law that such finding was warranted by the evidence. But in an ordinary trial of fact on evidence, as here, if the defendant wished to raise the question of law whether the finding was so warranted, and to preserve his right to review thereof, it was essential that he present a request for a ruling and ask for a report to that end. *Reid* v. *Doherty,* 273 Mass. 388, 389. *Segal* v. *Allied Mutuals Liability Ins.*

*Co.* 285 Mass. 106, 109. *Spencer* v. *Burakiewicz*, 288 Mass. 83, 85. *Aluminum Products Co.* v. *Regal Apparel Co.* 296 Mass. 84, 87. See also *Richards* v. *Appley*, 187 Mass. 521, 522–523; *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556–557; *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166; *Ross* v. *Colonial Provisions Co. Inc.*, *ante*, 39, 41. This is not a case of action by a trial judge on a request for a ruling "upon all the evidence," without specification of the grounds thereof (see Rule 27 of the District Courts [1932]), which the Appellate Division in its discretion might review. See *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. Though this case was tried with the case brought by the minor plaintiff the requests for rulings of law made in that case were not applicable to the present case.

It follows that in the case brought by the minor plaintiff the order of the Appellate Division must be affirmed, but that in the case brought by the father of the minor plaintiff the order of the Appellate Division must be reversed and an order entered dismissing the report.

*So ordered.*