CYNTHIA KORB *vs.* ALBANY CARPET CLEANING COMPANY.

Suffolk.   October 6, 1938. — October 25, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil*, Appellate Division: report.

A report by a district court to an appellate division after a finding for the plaintiff without subsidiary findings, which showed that there was no request for a ruling that the evidence did not warrant such a finding and that all rulings requested by the defendant had been given by the judge, presented no question of law and rightly was dismissed.

CONTRACT.   Writ in the Municipal Court of the West Roxbury District of the City of Boston dated February 5, 1936.

The action was heard by *Holland*, J.

*R. J. Rowe*, for the defendant.

*H. Goldkrand*, for the plaintiff.

FIELD, C.J.   This is an action of contract brought in the Municipal Court of the West Roxbury District of the City of Boston to recover damages for breach of a contract to clean a rug in a good and workmanlike manner.   The case, so far as appears, was tried solely upon oral evidence.   The defendant made requests for rulings, all of which were

granted by the trial judge.  He thereby ruled that the plaintiff could not recover without negligence on the part of the defendant.  It does not appear that the plaintiff made any requests for rulings or that the judge made any specific rulings other than by granting the defendant's requests.  No specific findings were made.  The judge found for the plaintiff in the sum of $300.  There was a report to the Appellate Division in which it was stated that the defendant claimed to be aggrieved "in that the court's finding was inconsistent with the rulings made and the evidence introduced, and also that the court's finding was tantamount to a refusal to rule in accordance with the defendant's requests for rulings."  The Appellate Division ordered the report dismissed, and the defendant appealed to this court.

The order dismissing the report was right.

Clearly the defendant cannot be heard to complain that its requests for rulings were granted and we need not consider whether these rulings were right.  *Woodman* v. *Haynes*, 289 Mass. 114, 118.  *Baker* v. *Davis*, 299 Mass. 345, 348. Refusal of these requests for rulings expressly granted cannot be implied from the finding for the plaintiff.  The question of inconsistency between these rulings and the finding for the plaintiff obviously was not raised before the finding was made, and it is at least doubtful whether it is presented by the report in the absence of a motion for a new trial based on this ground.  See *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 401.  But even if we assume that the question of inconsistency is presented by the report, the finding for the plaintiff was not inconsistent with the rulings made if the evidence warranted a finding of negligence on the part of the defendant.  And the question whether the evidence warranted such a finding was not reported.  Nor was the question reported whether the evidence warranted a finding for the plaintiff on any ground, either under the declaration or in any form of declaring.  Such questions of law with respect to the sufficiency of the evidence are not presented merely by a report, as here, of a finding for the plaintiff.  If the defendant wished to raise any of these questions it was essential

that it present a request for a ruling and ask for a report to that end. *Reid* v. *Doherty,* 273 Mass. 388, 389. *Baker* v. *Davis,* 299 Mass. 345, 348, and cases cited.

*Order dismissing report affirmed.*