Pettingell, J.
Action of tort growing out of an automobile collision. The trial judge found for the defendant, finding that both parties were negligent. The plaintiff, the appellant, contends that the finding of contributory *391 negligence was unwarranted and that two of Ms requested rulings, dealing with the insufficiency of the evidence to warrant such a finding, should have been, given.
The trial judge made detailed findings of fact some of which the plaintiff contends are inconsistent with the general finding. The report, however, contains no mention of anything done by the plaintiff to call these inconsistencies to the attention of the trial judge before the appeal to this division was perfected. The docket entries show that a motion for a new trial was filed but do not show that the motion was ever heard or ever disposed of. There is nothing to show the grounds upon which the new trial was sought.
When there is an inconsistency between a general finding and specific findings, such as is alleged here, the issue cannot be raised in the Appellate Division uMess first it has been raised in the District Court, and there properly called to the attention of the trial judge. This can be done by a motion to correct the alleged inconsistencies. Di Lorenzo v. Atlantic National Bank, 278 Mass. 321, at 324; or by a motion for a new trial based on that ground. Duralith Corp. v. Leonard, 274 Mass. 397, at 401. Korb v. Albany Carpet Cleaning Co., Mass. Adv. Sh. (1938) 1621, at 1622. The record, however, must show that the motion, in either instance, raises tMs particular issue. We are, therefore, of the opinion that the record does not show that the plaintiff is entitled to raise this issue in this Division, and that no other issue being raised by the report or argued by the plaintiff, the report must be dismissed.
We have, however, given consideration to this particular contention of the plaintiff but without finding any prejudicial error. The contention is that the trial judge’s findings contain elements of time and distance wMch make mathematically impossible his conclusions of fact. The plain *392 tiff relies on the wording of the opinion in White v. Lewis, Mass. Adv. Sh. (1940), 531, at 534, where the court says, with regard to a similiar contention, “none of the factors in such a computation are stated in terms of precision.” The plaintiff points out that in this case the distances are agreed to be “about” certain stated figures, and are substantially so found to be by the trial judge, but that the speed of the defendant’s car, found by the trial judge to be from twenty to twenty-five miles an hour, made physically impossible any such movement of the two automobiles, within the time cycle of the changes of the traffic lights, as the trial judge found to have happened.
Outside of this one element of speed, however, every other fact found by him can be reconciled with every other fact so found. He found that the defendant entered the intersection first, on a green light which changed to green and amber when he had gone part way into' the section. He then saw the plaintiff on his right, waiting to enter the intersection when the light should change from green and amber to green (for the plaintiff). The defendant continued through the intersection and was struck by the plaintiff’s car in the right rear when the defendant was almost through the intersection. The trial judge found that the plaintiff did not look to his left before entering the intersection, although, while waiting for the light to change, the plaintiff had seen the defendant enter the intersection. He did not see the defendant again until they were about six feet apart.
It is not probable that a mathematician acting upon the testimony given by witnesses, can ever reconcile perfectly all the facts of an automobile collision. In the instant case, however, the trial judge found certain salient facts to exist, that the defendant entered the intersection first and was traversing the intersection when the plaintiff, who had seen the defendant enter, started into the intersection without locating the defendant’s position at that time, and ran into *393 the right rear of the defendant’s car. Whether the defendant was going ten miles an hour (at which speed the accident possibly could have happened as described by the trial judge), or at the rate of twenty-five miles an hour, (at which it probably could not have happened), the fact remains that the accident happened, and outside of the matter of speed, could have happened just as the trial judge found the other facts. The vital elements of position, the changes of the lights, priority of entrance into the intersection, and the point of impact of the two cars, all fit together perfectly. To this is to be added the fact found by the trial judge on the evidence before him, that the plaintiff was careless about watching the defendant’s progress.
It is an interesting commentary upon the plaintiff’s contention that when the same mathematical test is applied to his theory of the accident, it demonstrates clearly that it could not have happened as the plaintiff describes it.
We see nothing in the case that takes it out of the ordinary rule that such collisions present only questions of fact, and we are of opinion that such inconsistencies of fact as there are in the judge’s specific findings are not sufficiently material to constitute prejudicial error.
With regard to the contention that the rulings requested by the plaintiff, dealing with the insufficiency of the evidence, should have been given, we feel that their denial was proper on the authority of Cameron v. Buckley, Mass. Adv. Sh. (1938) 311, at 313. Strong v. Haverhill Electric Co., Mass. Adv. Sh. (1938) 345, at 345, 346. Himmelfarb v. Novadel Agene Corp., Mass. Adv. Sh. (1940) 499, 501.