| No. 2977 | Northern | Suffolk, ss. |

JACOBS (Nayor & Nayor)
v. ARONSON (Albert B. Peterson, Herbert J. Redman)

From the Municipal Court of the Dorchester District—Rose, J.

Argued October 15, 1941—Opinion Filed November 15, 1941

HENCHEY, J. (Jones, P.J., & Pettingell, J.)—In this action of tort the plaintiff seeks to recover damages for personal injuries which she sustained as a result of the defendant's negligence in the case of a certain stairway, which forms part of the premises at 59 Nightingale Street, Dorchester, Mass.

There seems to be no question but that the plaintiff was injured; and that the steps on which she fell comprised part of a stairway used in common by all tenants of the premises, which were owned by the defendant and the stairway remained in the defendant's control.

At the trial there was evidence that in February, 1940, the plaintiff's mother, Mrs. Williams, who was then living at 43 Nightingale Street, Dorchester, saw a vacancy at 59 Nightingale Street. She looked at the apartment which was on the first floor. As she entered the premises, she noticed that the outside stairway leading up to the first floor piazza was in very poor condition, the wood looked rotten, and it shook when she walked on it. Mrs. Williams was infirm and had poor eyesight. She called the defendant's attention to the condition of the stairway and the defendant said, "I will see that the steps are repaired and kept safe—I will put them in good condition." Relying on this promise, Mrs. Williams hired the apartment and moved in on April 1, 1940. On May 9, 1940, the plaintiff, while visiting at her mother's apartment and while in the exercise of due care, fell on the stairs in question and was injured because of the defective condition of the stairway. On May 9 the stairway was in the same condition, reasonable wear excepted, as it was in on April 1, 1940, and no repairs had been made, although at several times in the interim Mrs. Williams had called the defendant's attention to the condition of the steps.

The trial judge found for the plaintiff, making the following findings of facts: "The defendant agreed with the plaintiff's mother, a woman of 75 years, with failing eyesight, to repair the stairs and keep them in safe condition if she would hire the premises," and that "the plaintiff was injured as a result of the defective condition of the premises which caused part of the stairs to collapse when stepped on and threw the plaintiff to the street level."

The case comes before us since the defendant claims to be aggrieved by the trial judge's refusal to rule as requested.

Before we can adequately consider the real questions of law at issue in this case, we must first determine the exact obligation which the defendant assumed at the time of the letting. The defendant contends that the agreement was simply one to repair, the plaintiff says that it was an agreement to keep the premises in a safe condition for the tenants' use. What the exact agreement was is a question of fact. *Miles* v. *Janvrin,* 196 Mass. 431.

The trial judge has accepted the plaintiff's version of the agreement and has so stated in his findings of fact. Unless this finding of fact finds no support in the evidence it must stand. *Mahoney* v. *Norcross,* 284 Mass. 153; *Home Savings Bank* v. *Savransky et al,* 307 Mass. 601. There is evidence in the report to the effect that the landlord said, "I will see that the steps are . . . kept safe." This seems to us to be more than

[ 158 ]

the agreement to put the steps in a safe condition, which confronted our Supreme Judicial Court in *Fiorontino* v. *Mason,* 233 Mass. 451. We believe it to be an agreement to keep the premises in a safe condition. Weight must be given to the language used by the defendant.

Our next inquiry then is as to the nature of the landlord's duty under such undertaking. It is the well established law of this Commonwealth that if a landlord agrees to keep the premises in a safe condition and fails so to do, he will be held liable in an action of tort for all personal injuries directly resulting from his failure to so do. *Miles* v. *Janvrin,* 200 Mass. 514. This liability extends "to any person to whom he owes the duty." *Fiorntino* v. *Mason, supra.* Within this class would come the plaintiff in the instant case. The defendant agreed to keep the common piazza stairways in a safe condition and the plaintiff was injured because of the unsafe condition of those steps and was injured while on a visit to her mother, the tenant, a use contemplated by the landlord when the agreement was made.

In our opinion the trial judge committed no error in his refusal to grant the defendant's requests for rulings.

Report dismissed.