BARRON, J. (Putnam, C. J., and Keniston, J.)
This is an action of contract in two counts. In the first count, the plaintiff claims to be entitled by oral agreement to one-half of an alleged profit of $500, said to have been realized by the defendant on the sale of a parcel of real estate. The second count is for $100, the plaintiff's alleged share of a broker’s commission received by the defendant.
The evidence was that the defendant bought the property for $6,500 and sold it for $7,000, receiving $300 or $400 in cash, and a purchase money second mortgage which was in arrears, and that the defendant suffered a loss of $1,000 on the transaction; that the agreement of sale stated that “$200 was being held by them in the event a commission had to be paid.” The Court made the following finding:
“From the evidence before me I find that the defendant did not make any profit, and did not receive any commission.”
The plaintiff requested the Court to rule in effect that the evidence warranted a finding for the plaintiff on both counts of the declaration, which requests the Court denied, noting “See Finding.”
The plaintiff claims to be aggrieved by the denial of said requests, by the findings of fact, and by the finding for the defendant.
The denial of the requests was not error as the special finding of facts made by the judge rendered the requests irrelevant. Inasmuch as the Court found the facts in favor of the defendant, it is quite immaterial that if the Court had not believed the defendant’s testimony, he could on the evv dence find for the plaintiff. The specific findings on all of the plaintiff’s contentions of fact showed that the judge had considered all the evidence bearing on the contentions, The *118 result of the case did not depend upon the refusal of the judge to rule as requested. Strong v. Haverhill Electric Co., 299 Mass. 455.
As to the plaintiff’s claim of grievances relating to the Court’s finding of fact and the finding for the defendant, it is too late, after findings are made, to claim to be aggrieved. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317. Moreover, findings, whether special or general, are not reviewable. Bresnick v. Heath, 292 Mass. 293, 296.
We, however, point out that there is no error shown even if the question was properly before us.
The defendant testified that the person to whom he sold the property was in arrears on the second mortgage and that 'he, the defendant, had lost $1,000 on the transaction. This testimony, if believed, clearly indicated to the Judge that no profit was made.
The fact that the seller sold on paper for a larger sum than that for which he had bought does not necessarily mean that he made actual profit.
No profit is realized until a surplus is shown above the investment. “Profit is the gain made upon any business or investment when both the receipts and payments are taken into account.” Providence Rubber Co. v. Goodyear, 9 Wall 788. Freeman v. Freeman, 142 Mass. 98.
At the time this suit was brought, there was sufficient evidence to show that no profit had been realized as claimed by the plaintiff in his declaration. Whether at some time later profit would be realized which would later place an obligation upon the defendant to pay the plaintiff is a different question and not before us at the-present time. The defendant under the agreement was not liable for any possible profits he might make in the future, but only for actual profits realized.

Report dismissed.