Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover damages for an alleged breach of an agreement which the plaintiff contends was made by him with the defendant, in settlement of a claim arising from a building contract between the defendant and the plaintiff’s assignor. The answer of the defendant, so far as is pertinent to the issues now raised, in substance is a general denial; wilful breach of contract on the part of the plaintiff’s assignor excusing the defendant from further performance; failure or partial failure of consideration of any agreement for settlement; and false and fraudulent *316 representations in the procurement of any alleged agreement for settlement, nullifying said agreement. Two matters are presented for our consideration. The first relates to the plaintiff’s petition to prove the draft report he contends should be established. The second concerns questions arising out of the report settled and filed by the trial judge.
As to the first, it is clear from the findings of the judge, to whom the matter was referred, and an inspection of the draft report and the certificate of the trial judge, that the draft report sought to be established does not comply with the requirements of law relating thereto, and therefore should be denied. It is well settled that the procedure by petition, as in the analogous case of petition to prove exceptions is strictissimi juris. John Henry Co. Petr, 222 Mass. 182. All necessary requirements must be observed, cf. Freedman, Petr, 222 Mass. 179.
It has been early held by this division that the report in its final form should contain no statement to which the judge is reasonably unwilling to subscribe. Spear, Admr. v. Coggan, No. 14531 of 1912, Mun. Ct. of the City of Boston (3 App. Div. Rep. 55). It has also been held “that there is a duty on the party seeking a report to file a proper draft report.” Domenic Spinale v. Borenstein, No. 196477 of 1930 Mun. Ct. of the City of Boston (31 App. Div. Rep. 79, 84).
It is apparent that the draft report offends in a number of instances, specifically set out in the findings and certificate above referred to.
“A report under G. L. (Ter. Ed.) c. 231, s. 108, although the rules of court require preparation of a draft report by the party claiming the right, is the report of the presiding judge. He has a right to insert in it what he deems material to a full and true statement of the point of law in *317 volved.” Keeney v. Ciborowski, 304 Mass. 371, 373. The draft report lacked verity in some particulars, and in others contained errors in form and in substance. Under these circumstances the judge was not required to adopt the draft report, and “had authority, and, we think, a duty,” to correct these errors and settle a proper report or in his discretion disallow the claim of report, cf. Kelly v. Foley, 284 Mass. 503, 509; Santosuosso v. Della Russo, 300 Mass. 247, 249. It thus appears that the matters relating to the report settled by the trial judge are properly before us for review, and that the petition to establish the draft report should be denied.
The remaining matter for our consideration is whether there is reversible error in connection with the court’s treatment of the plaintiff’s requests for rulings.
It appears from, the report and the findings of the trial judge that the evidence warranted a finding for the plaintiff or the defendant, depending on what credence the court gave to the testimony and the reasonable inferences to be drawn therefrom. It will serve no useful purpose to set out in detail the evidence reported. At the conclusion of the evidence the plaintiff presented nine requests for rulings. The court denied the first, second, fourth, fifth, sixth, seventh, and eighth, as inapplicable; not because they were not good abstract propositions of law; but because it did not find the facts assumed. Under these circumstances there was no error in their denial, because they became immaterial in view of the facts found. Wilson v. Birkenbush, 305 Mass. 173, 175. Mahoney v. Norcross, 284 Mass. 153, 154. Nor is there error with reference to the court’s treatment of the plaintiff’s third and ninth requests. These may be considered together. The third in effect asked the court to rule that “the case warrants the court in finding that the defendant agreed with the plaintiff to settle amount *318 due the plaintiff’s assignor by the payment by the defendant of the sum of $4750.00, and if such agreement was entered into the defendant is bound thereby and the plaintiff can recover.” In granting this request the court commented: “I could so find, but I find otherwise.”
The ninth request is: “ The evidence in this case warrants a finding for the plaintiff.” The court also granted this request, commenting: “I could so find, but I find otherwise.”
It is well settled the plaintiff cannot complain of rulings given at his request. Deyrmanjian v. Palais, 311 Mass. 553, 555. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318. The plaintiff in his brief and in his argument invites this division to consider the case at large for possible errors not covered by the requests for rulings, and now claims to be aggrieved because as he contends the evidence not only warranted a finding for the planitiff, but also compelled such a finding. It is well settled that under our practice an appellate division has no power to pass on questions of law not properly raised at the trial of the case. If the plaintiff wished to raise the question of law whether a finding for him was mandatory, it was essential that he present a request for ruling to that effect and ask for a report of its denial. Baker v. Davis, 299 Mass. 345. This observation also applies to the plaintiff’s contention, made in his brief, for the first time, to the effect that the court was not warranted in finding, in substance, that the defendant had been over-reached and deceived by the plaintiff at the time the alleged agreement was discussd. It is too late to object to a finding after it is made. Questions of law pertaining to such findings must be properly raised and saved before the finding. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318. Okin v. Sullivan, 307 Mass. 227, 228. Baker v. Davis, 299 Mass. 345. Nor *319 do we think there was error in the court’s action in reference to the admission of the receipt in evidence, after the case was reopened for further hearing. It, is well established that until final judgment is entered in a case a court has discretionary power to reopen it for further proceeding or action, cf. Peterson v. Hopson, 306 Mass. 597, 603. De Luca v. Boston Elevated Ry. Co., Mass. A. S. (1942) 1703, 1704. It sufficiently appears from the evidence reported and the reasonable inferences to be drawn therefrom that the plaintiff contended at the trial that he and the defendant had settled their differences for the agreed price of $4750 and that the payment of $1000 then made, was made on account of the alleged settlement. On the other hand the defendant contended the matter had not gone beyond the negotiation stage, that his offer had not been accepted, and that he had been fraudulently induced to make his offer through the false representations made by the plaintiff, and that the payment of $1000 in any event, was not made on account of the alleged agreement, but rather, on the assignment held by the plaintiff as assignee, and referred to in the receipt in question. It needs no citation of authorities to show that under these circumstances a receipt signed and delivered by the plaintiff to the defendant at the time the alleged payment of $1000 was made, containing the recital: “Received of Phillip N. Eckman and Esther J. Eckman, the sum of One thousand ($1000) Dollars on account of an assignment bearing date of December 14, 1942, from Hjalmar W. Grustavson to Joseph G. Bryer” was competent evidence on the issue whether the payment was made under the said assignment rather than under the agreement the plaintiff contended he made with the defendant.
In view of the foregoing considerations the orders are:
Petition to establish report, denied:
Report dismissed.