Pettingell, P. J.
Action of contract or tort in which the plaintiff, the owner of 'the premises' at one time occupied by the defendant, sues for use and occupation.
The defendant at the request of an uncle, at that time the owner of the premises, went to live with him, agreeing to pay her uncle a certain sum for the privilege of living with him in .the premises and another amount toward the cost of heating the same. Later the uncle sold the premises and moved out leaving the defendant on the premises; The plaintiff, purchaser from the uncle, tried to get the defendant out and finally brought court proceedings in which a jury found for the plaintiff. While these proceedings were going on, and before the defendant moved, the defendant paid the plaintiff $25.00 a month for six months. The plaintiff brings this action for use and occupation; the trial judge found for the plaintiff, and after giving the defendant credit for the $150.00 paid, gave the plaintiff a finding for $115.00.
*50 The defendant requested the following rulings:
“1, 'The evidence warrants a finding -that on March 1, 1942, the def endant Alice L. Rioux was ;a, tenant of James LeBlanc, the plaintiff’s- predecessor in title, of the- premises at 5-9 Lyman Street, Waltham, Massachusetts. 2. The City of Waltham, being in Middlesex Connty, Massachusetts is. within the area -coming within the provisions of the Emergency Price- 'Control Act of 1942, ;and pursuant thereto within the provisions of the promulgations, of -the Administration, to wit Maximum Rent Regulation No. 53.
1. Sec. 1388.284 Maximum Rents
(a) for housing accommodations rented on March 1, 1942, the rent for such accommodations on that date-.”
These requests were granted. The -trial judge made -the following findings of fact:
‘ ‘Plaintiff acquired the- property Nov. 17, 1942. Deft, occupied the premises in 1940, and was. not a trespasser on March 1,1942, as alleged in O.P.A. Registration. Plf. served notice on Deft, in Nov. 1942 to vacate- the. premises. Plf. filed writ of Ejectment in Waltham •Court, December 12, 1942. Ejectment -Order issued Jan. 20-, 1943. Deft, claimed appeal to Superior Court and filed same in Middlesex Superior Court Jan. 30, 1943, and was heard before a Jury on June 2, 1943, which Jury made a finding that the deft, ‘held, and -still holds unlawfully against the- right of the -complainant, ¡the- premises described in the writ and the pif. is entitled to possession of the- same’. As- before alleged the- -deft, occupied the premises in 1940, ‘¡and continued to live there with the then owner, James LeBlanc, which LeBlanc sold the premises to- the Plf. as. before alleged, Nov. 17, 1942.’ It is admitted in the plaintiff’s declaration ‘that the deft, forwarded to the plaintiff a money -order in the sum- of ($25.00) -from December 15, 1942 to May 15, 1943 inclusive’. A total of' $150.00. The O.P.A. Registration paper relates, ‘Date first -rented after-March 1,1942 was' Aug. 1,1943, •and the rent on that date- was $48.00 per month.’ -Court, finds as a fact on all the evidence- that the payments. *51 of $25.00 a month by the deft, to the plaintiff, for the use and occupation of the premises' bore reasonable relation to the value of the premises, to her, the defendant, and will allow her, the deft, credit for those Dec. 15 & Jan. 15, 1943, as full payments for those two months. The deft, appealing from the Court Ejectment order and when heard by the Jury in the Superior •Court, the Ejectment Order was confirmed aiid on further evidence that the rental value of the premises was, that is the fair rental value, was. $48.00 per month, and Court finds as a fact, .that the plaintiff is entitled to a rental of $48.00 per month, beginning January 15, 1943 and continuing to June 15, 1943, a period of 5 months, making a total rental of $240.00, of which $240.00, the pif. credits the deft, with 5 $25.00 payments making total payments of $125.00 of the $240.00 leaving the amount due the plff. of $115.00. Hence Court finds as a fact on all the evidence the deft, owes the pif, the sum of $115.00.”
The defendant’s statement of error is contained in the following words:
“The defendant claiming to be aggrieved by the finding of the Court, as the finding is inconsistent with the' rulings of law”, the case is reported to. the- Appellate Division.
There can be no claim of error because of a finding of fact. Jaimes B. Rendle Co. v. Conley & Daggett Co., 313 Mass. 72. Perry v. Hanover, 314 Mass. 167, at 168, 169. As to a general finding for a party a claim of error must be raised by an exception or claim of report made to the denial of a request for a .specific ruling of law or of a pertinent motion. Leshefsky v. American Employers’ Ins. Co., 293 Mass. 164. Baker v. Davis, 299 Mass. 345, at 348, 349. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318.
A® to any inconsistency which may exist between a general or specific finding of fact or between a ruling of law given and a general finding made, there is a considerable body of law.
*52 In Duralith Corp. v. Leonard, 274 Mass. 397, at 401, the court said:
“Undoubtedly a general finding will be set aside if unequivocally inconsistent with a -special finding, but the trend of the decisions is to .sustain the general finding if possible . . . This question should have been raised by a motion for a new trial ... It is not properly open on a report to an appellate division, at least until after a ruling by .the trial judge. Had such a motion been made it might have appeared that the alleged contradiction was a clerical mistake which the judge could correct before the entry of a judgment.”
In DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324, the court said:
“If after the general finding for the defendant was made, they thought there was an ineompatability to be corrected, then proper course was to file a motion for its correction.”
It is to- be noted that the defendant filed two requests for rulings of law which were given. The defendant cannot be heard to complain that her requests were granted. Korb v. Albany Carpet Cleaning Company, 301 Mass. 317, at 318. The first request was that the evidence was sufficient to warrant a finding for .the plaintiff. Such a request may properly be given and its giving may even he required as matter of law, but the giving of the request does not require a finding for the party filing the request. First National Bank v. Sheridan, 285 Mass. 338, at 339. Topjian v. Boston Casing Co., 285 Mass. 167, at 168. After the request has been given the credibility of the evidence, its weight and the permissible inferences te be drawn from it are questions of fact to be decided by the trial judge. Evidence may warrant a finding but be short of requiring it. Memishian v. Phipps, 311 Mass. 521, at 522. In the case before us as in the case just cited there was no- evidence binding *53 upon the plaintiff which required a finding for the defendant.
The second request given by the trial judge was- premised on the fact that the premises were in a stated locus and therefore a certain regulation of the Emergency Price Control Administration is applicable. Whether or not that particular regulation was applicable depended upon a finding ,of fact that the premises were rented March 1, 1942. As in the case of the first request already discussed the trial judge could have found that fact hut was not required to do so. He could have found that the original relation between the defendant and her uncle was not that of landlord and tenant hut that of licensor and licensee. Johnson v. Wilkinson, 139 Mass. 3, at 4. Day v. Lawrence, 167 Mass. 371, at 374. Jones v. Donnelly, 221 Mass. 213, at 217.
Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318 is authority for the proposition that refusal of the requests previously granted cannot be implied from the finding for the plaintiff, as well as that an inconsistency is not presented by a report of a finding for the plaintiff.
In any event the cases already cited are ample authority that if an inconsistency did exist, which we do not find, that issue is not presented by. the report. Such an issue could be raised only after the matter bad been called to the attention of the trial judge, either by a motion for a new trial setting forth the issue, as suggested in Duralith Corp. v. Leonard, supra, or by a motion for correction as suggested by DiLorenzo v. Atlantic National Bank, supra.
No prejudicial error appearing, the report is to be dismissed.