Zottoli, J.
This is an action of contract or tort brought to recover damages for the destruction, in whole or in part, of the plaintiff’s automobile and the loss of some of its contents, after it had been stolen from a parking space operated by the defendant in Boston. .
The plaintiff’s declaration is in five counts. The first count, in substance, alleges an agreement based on a legal consideration between the parties, “to store the plaintiff’s motor vehicle” — in the defendant’s parking space — - and that the defendant agreed “diligently to watch, guard and protect it”; that the defendant breached the terms of the agreement, “as a consequence of which the automobile was stolen from the parking space and greatly damaged.” By the second and fourth counts the plaintiff, in substance, seeks to recover for loss alleged to have been suffered by *203 the “negligence of the defendant.” Counts three and five in brief are posited on a right of recovery for damage caused by the “wilful wanton and reckless misconduct of the defendant, its agents, or servants. ”
The defendant’s answer, in substance, is a general denial; and further, that the plaintiff’s automobile was parked at his own risk and with full knowledge that there would be no attendant after 6:00 p. m. of the day when the alleged loss took place; and that it was agreed that no liability was assumed by the defendant “for loss or damage by fire, theft, or other causes. ’ ’
It is obvious from the evidence reported that the terms of the bailment were in dispute. There is evidence, with the reasonable inferences to be drawn therefrom, from which the court could find for either party depending on what testimony it found was more worthy of belief.
At the conclusion of the evidence the plaintiff duly filed fourteen requests for rulings. It is not necessary to set them out in detail. It will suffice to point out that they were either requests for abstract principles of law or to the effect that the evidence warranted certain subsidiary findings therein specifically set forth. The court, without comment, granted the plaintiff’s requests numbered 1, 5, 7, 8, 11 and 14. It also granted requests numbered 2, 3, 4, 9 and 12, commenting, “granted, but I find otherwise.” The judge also granted request numbered 10, commenting, “some of the contents”. The court impliedly denied the plaintiff’s request numbered 13, commenting, “inapplicable see #12”. Thereupon the judge made a general finding for the defendant. Thereafter the plaintiff filed a motion for correction of the record with respect to the judge’s disposition of requests numbered 2, 3, 4, 9, 10, 12, and 13. The record discloses that this motion was duly set down for hearing, and heard by the court. At this hearing the plaintiff pre *204 sented fourteen requests for rulings, bearing on alleged inconsistencies between the rulings granted at the trial and the general finding for the defendant; and the power and duty of the court to correct “inconsistencies”. The court duly passed on these requests, granting, without comment, numbers 1, 2, 3, and 4. It also granted requests numbered 5, 6, and 7, commenting, “granted provided there is any inconsistency. The evidence may warrant a finding, but not be convincing, and not require a finding.” The court also granted the plaintiff’s requests numbered 8, 9, and 12, commenting, — “granted, provided there is any inconsistency.” The judge denied the plaintiff’s 10th request without commenting thereon. The court also granted the plaintiff’s 13th request, commenting, — “granted, that is, the court has power to correct any inconsistency that may appear. ’ ’
The record discloses that the court denied the plaintiff’s motion for correction of the record. Thereafter the plaintiff claimed.“to be aggrieved by the ruling on request #13 (on page 10 of the report) and by the denial of his motion for correction of the record relative to the court’s disposition of 2nd, 3rd, 4th, 9th, 10th, 12th, and 13fth requests for rulings”, (as set forth in the report), and had these matters reported for the consideration of this division.
At the outset it may be useful to point out that the plaintiff in his brief has argued and briefed the case at large and impliedly seeks to have it so reviewed. This cannot be done. It is now well settled that only questions of law, properly saved and reported are subject to review. Reid v. Doherty, 273 Mass. 388; Rollins v. Perry, 284 Mass. 488; Segal v. Allied Mutuals Liability Insurance Company, 285 Mass. 106, 109; Baker v. Davis, 299 Mass. 345, 348; Korb v. Albany Carpet Cleaning Co., 301 Mass. 317.
*205 In considering the plaintiff’s alleged grievances, pertaining to his requests for rulings, it is apparent as to his request #13 that it assumes facts not found by the court, and was therefore rightly denied. Mahoney v. Norcross, 284 Mass. 153; cf. Perry v. Hanover, 314 Mass. 167, 176.
It is also clear that there is no error in relation to the court’s treatment of the plaintiff’s requests numbered 2, 3, 4, 9,10 and 12. These were granted. Ordinarily a party cannot be heard to complain of rulings granted at his request. Korb v. Albany Carpet Cleaning Co., supra; Deyrmanjian v. Palais, 311 Mass. 553, 555; Baker v. Davis, supra. The plaintiff’s alleged grievance as to these requests appears to be that the court ruled that “the evidence warranted” findings in his favor but found otherwise without making further specific subsidiary findings on which it based its general finding. The plaintiff contends that the judge’s course of conduct is inconsistent and amounts to reversible error. This position is not tenable. There is no obligation on a trial judge’s part granting requests for rulings to make subsidiary findings. It is well settled that a judge may, on conflicting evidence, rule that the evidence warrants a finding for a party and then find generally against him. First National Bank of Boston v. Sheridan, 265 Mass. 338, 339; Dangelo v. Farina, 310 Mass. 758, 759. The granting of such requests does not imply that the court has found the facts to which they are applicable. Having granted such requests from the viewpoint of the party requesting them, it is still the duty of the judge to find the facts as in Ms opinion the evidence reqmres. In tMs there is no inconsistency and no error of law. Dubois v. Goldstein, 277 Mass. 139, 140; Dangelo v. Farina, 310 Mass. 758, 759, supra; cf. Perry v. Hanover, 314 Mass. 167.
The conclusion we have reached renders it unnecessary to decide whether the requests presented at the hearing on *206 the motion to correct the record and the question of incompatability between the requests granted and the denial of the motion have been properly raised, since the plaintiff claims to be aggrieved by the denial of the motion and not by the court’s treatment of his requests for rulings presented at the hearing on the motion to correct the record. As to which see Langdoc v. The Gevaert Company of America, Inc., 315 Mass. 8, 12; Korb v. Albany Carpet Cleaning Company, 301 Mass. 317, 318; cf. Lonergan v. American Railway Express Co., 250 Mass. 30, 38; cf. Railway Express Agency, Inc. v. Michelson, 311 Mass. 704, 708.
Because the plaintiff has argued the case at large, it may serve a useful purpose to observe in passing, though the matter is not before us, that the trial judge was not compelled to find that the parties entered into a general understanding of a bailee for hire. It is well settled that persons may agree to restrict the nature of the 'bailment and the obligations to flow therefrom. This they may do impliedly as well as expressly. The standard of duty or care will vary in accordance with the undertaking of the parties, in view of all the surrounding circumstances, where that undertaking is not specifically agreed upon. cf. D. A. Schulte, Inc. v. North Terminal Garage Co., 291 Mass. 251, 256, 257. The evidence reported does not compel a finding that the defendant agreed to “watch, guard, and protect” the plaintiff’s automobile. There is evidence which warrants a finding to the contrary, and that the plaintiff assumed the risk of the theft of the automobile. Ordinarily the law only obliges the parties to keep the agreement they make. In bailments the agreement may vary from a mere naked gratuitous bailment to one approaching an insurer’s contract. Foster v. Essex Bank, 17 Mass. 479, 498, 512; Briggs v. Dearborn, 99 Mass. 50, 53; Clark v. Eastern Rd., 139 Mass. 423; Rogers v. Murch, 253 Mass. 467, 471. It can be that a bailment may be of a vehicle and not its contents, cf. *207 D. A. Schulte, Inc. v. North Terminal Garage, 291 Mass. 251, 257. I't is clear from the judge’s special and general findings and his treatment of the plaintiff’s requests that the court believed the evidence most favorable to the defendant. Grady v. Herrick, 288 Mass. 304, 308; Herman v. Sadolf, 294 Mass. 358. Under these circumstances the general finding could not be set aside, even if it were properly under review. Ashapa v. Reed, 280 Mass. 514, 516; Moss v. Old Colony Trust Co., 246 Mass. 139, 143; Federal National Bank v. O’Connell, 305 Mass. 559; Langdoc v. Gevaert Co. of America, Inc., 315 Mass. 8, 10.
It follows from what has been above stated that there is no error in the court’s treatment of the plaintiff’s requests for rulings and in the denial of his motion to correct the record. The order therefore is,—
Report dismissed.