*First District Court of Eastern Middlesex*

No. 354 of 1954

*Northern District*

No. 4924

**HARRY M. SNOOK**

**v.**

**S. JOSEPH PROCOPIO AND TRUSTEE**

(June 27, 1956)

*Gadsby, P. J.* The report in this case is very voluminous since there are many requests for rulings of law which required careful study by the trial judge.

To state the substance of the problem involved as briefly as possible, it appeared that the plaintiff sold his business to the defendant for $5,500.00; that the defendant paid $2,500.00 cash to the plaintiff and withheld the sum of $3,000.00, which he was to use for a period of 30 days (or longer if agreed to by the parties) to pay any amounts which might be due and owed by the plaintiff. At the end of the 30 days mutual releases were to be given and received.

The attorney for the defendant acted for both parties in drafting said agreement. There was no agreement for an extension of the 30 days period.

After the expiration of the 30 days the defendant did not return any balance, but on the contrary, paid out certain bills owed by the plaintiff, so at the time of the trial there still remained in the defendant's possession some $522.99. There also remained bills of the plaintiff in excess of $1,900.00 which had not been paid by the defendant.

It is conceded that there was no compliance with the Sales in Bulk Act as contained in G. L. c. 106, §37. However, this has no effect between the parties although the creditors acquire certain legal right by its violation.

It is to be noted that the present action is an action at law by the plaintiff to recover $3,000.00 which he claimed is owed to the plaintiff by the de-

fendant, which amount was the amount held by the defendant after the expiration of the 30 days in the agreement. We are not in Equity where a Court may deal with all persons involved to avoid circuity of action.

The defendant in answer to an interrogatory as to what he owed the plaintiff stated, "$523.99."

The trial judge himself found that in his finding No. 9, "Out of the $3,000.00 withheld to pay the debt of the plaintiff, there remains now $523.99 which the defendant has available to pay some $1,900.00 in bills still outstanding."

Yet the trial judge found for the defendant despite this, evidently on the basis that there were substantial amounts still owed to creditors outstanding.

Being an action of law and we cannot be concerned about creditors who may or may not present claims. There is thus an inconsistency between the special finding No. 9 and the general finding for the defendant.

The plaintiff has properly raised this matter by his motion for a new trial.

Where there is an inconsistency between a general finding and a specific finding, the remedy is a motion to correct the alleged inconsistencies or a motion for a new trial on that ground. When there is an inconsistency between the general finding and the granting of requests, the remedy is either a motion to correct the rulings made on the requests or a motion for a new trial. *Duralith Corp. v. Leonard,* 274 Mass. 397; *DiLorenzo v. Atlantic Nat. Bank,* 278 Mass. 321.

A Judge may be reversed for an erroneous ruling of law made upon a motion for a new trial. And by requests for rulings a party may require a judge to lay down correct rules of law for his own guidance in dealing with such a motion. *Bartley v. Phillips,* 317 Mass. 35, 43; *Long v. George,* 296 Mass. 574.

There was error in the denial of the plaintiff's motion for a new trial based on such inconsistency.

There was also error in the denial of request No. 2 of the plaintiff, in that, the evidence did require a finding for the plaintiff for at least $523.99 which amount the defendant admitted that he had belonging to the plaintiff. Request No. 2 is as follows, "The evidence requires a finding for the plaintiff in the sum of $523.99."

The case is remanded for a new trial for the trial judge to determine whatever amount may be due the plaintiff.

Samuel E. Kaufman, for the plaintiff.

William E. Gilman, for the defendant.