*Northern District*

No. 5037

**EARLE NELSON**

v.

**EASTERN MASSACHUSETTS
STREET RAILWAY COMPANY**

(March 25, 1957)

*Gadsby, P. J.* This is an action of contract in which the plaintiff seeks to recover three weeks vacation pay at $65 per week. The answer is a general denial.

The plaintiff duly made the following requests for rulings:

"1. There is evidence that the plaintiff was entitled to vacation pay from the defendant for the year 1953.

2. There is evidence that the plaintiff had worked the required period of time for the defendant to entitle him to a vacation in 1953.

3. There is evidence to warrant the plaintiff to recover his vacation pay for 1953 from the defendant."

The Court allowed these requests for rulings.

The trial judge found for the defendant and justifiably made the following findings:

## Memorandum of Findings

"The plaintiff was employed by the defendant as a maintenance man. He was a member of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, hereinafter called the Association. The Association and the Defendant had a collective bargaining agreement covering the defendant's employees.

The contract provided a certain number of hours must be worked before an employee was entitled to a vacation. The plaintiff admittedly had the required hours worked. It also provided that the vacation year was from June to June, with the vacations to be assigned during that period. The contract also provided that employees who have left the service of the defendant previous to the time for taking a vacation shall not be entitled to a vacation allowance. It also provided a method for arbitration of grievances if desired and a method for protesting matters of suspension and discharge. No evidence of such procedure having been followed in this case being offered.

On March 1, 1953, the plaintiff asked the General Manager of the Salem Division if the plaintiff could take his vacation then. The manager said he could take one week of it. On March 2, the plaintiff started work at the General Electric Company and continued through until September 4, 1953. On March 30th the plaintiff reported to the defendant for work but was not put to work nor has he since then been employed by the defendant.

I find that the rights of the plaintiff regarding vacation are governed by the terms of the Association's contract with the defendant. I find that there was no evidence of any authority on the part of the General Manager of the Salem Division to change the terms of the contract by giving the plaintiff a vacation period before the prescribed contract time."

The plaintiff claims first to be aggrieved by the allowance of his three requests for rulings of law. Having made these requests, he cannot complain because they were granted. If he thought after the general finding that there was an incompatability to be corrected, the proper course was to file a motion for its correction or a motion for a new trial based on such. *Duralith Corp. v. Leonard*, 274 Mass. 397; *DiLorenzo v. Atlantic Nat. Bank*, 278 Mass. 321 at 323 and 324. This not having been done, there was no error committed by the trial judge in the allowance of these requests.

The plaintiff also claims to be aggrieved by the granting of all the defendant's requests numbered 1 through 9. While some of these requests, for example, number 9 could have been denied on the basis of non-compliance with Rule 27, in that, there were no specifications and while some might have been denied on the basis of calling for findings of fact, yet no prejudicial error was committed by the trial judge because his memorandum of findings show that he arrived at the correct result. He has in substance, ruled that the right of the plaintiff to his vacation did not accrue until June of 1953. He also has found that there was no evidence of any authority on the part of the General Manager of Defendant Company to change the terms of the contract. These findings render immaterial his action on the defendant's requests for rulings. While there may be error in the allowance of some of these requests, there is no prejudicial error upon an analysis of the entire case.

The report is therefore ordered dismissed.

William E. O'Brien, for the plaintiff.
Mulcahy & Mulcahy, for the defendant.

(The opinion in this case has been abridged.)