Aguiar, J.
This appeal raises the issue of whether the trial court erred in finding for the defendant on the issues of a breach of contract, fraud, and violation of Chapter 93A
We find there was no error.
This action is for unfair and deceptive practices in the sale of a truck. The plaintiff offered evidence that the defendant dealership represented the truck was new when in fact it had been used as a snowplow and was also defective. The defendant offered evidence that the plaintiff saw the plow blade on the truck as well as a plow frame and a bubble light on the top and that he was told that the truck was a new demo vehicle that had 833 miles on it. The defendant also offered evidence that the plaintiff put 3000 miles on a truck that he claimed was operating poorly.
The defendant dealership repaired the items that were brought to their attention. The defendant Chrysler took the position that this was a sales dispute between the dealership and the plaintiff. The defendant Chrysler made no misrepresentation.
The court found for the defendants on all counts.
This case was decided on the credibility of the witnesses. The court obviously did not believe the plaintiff.
We find there was ample evidence to support the judge’s decision.
The finding of the trial judge was not clearly erroneous.
*45 This appeal further raises the issue of whether the trial court erred in ruling that violation of a statute or regulation constitutes a violation of G.L.c. 93A only if it protects the public’s health, safety or welfare.
We find there was no error.
Generally an appellant cannot predicate a claim of error based upon allowance by the court of a ruling he propounded. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318 (1938). The qualifying language used by the judge does not take the case out of the general rule. If appellant perceived some ambiguity or inconsistency in the qualifying language and the allowance of the request, he ought to have raised a motion for a new trial or motion to correct the inconsistency. Duralith v. Leonard, 274 Mass. 397, 401 (1931); Di Lorenzo v. Atlantic National Bank of Boston, 278 Mass. 321-323-324 (1932).
If we were to assume, arguendo, that the question is properly before us, the appellant has the burden of demonstrating prejudicial error. It is arguable that the limitation expressed by the judge (insofar as they are meant for the protection of the public’s health, safety or welfare) includes the protection of consumers of the Commonwealth within its scope. Under such interpretation, no prejudicial error is shown. If appellant contends some other more restrictive sense was intended, he has failed to establish it.
For all of the above reasons the appeal is dismissed.