*Northern District*

No. 7832

**ISIDORE DEFINA**

v.

**SAMUEL SHAPIRO**

(June 1, 1960)

*Present:* Eno, J. (Presiding), and Brooks, J.

Case tried to *Artesani, J.,* in the Second District Court of Eastern Middlesex. No. 7832.

*Eno, J.* This is an action of tort in which the Plaintiff, a landlord, seeks to recover damages from the Defendant, his tenant at will, alleging, "that on or about the 22nd day of December, 1958 at or about 12:00 A.M., the defendant negligently and carelessly permitted the plumbing and water pipes in the apartment above the premises occupied by the plaintiff to be left unprotected from the cold so that they froze and burst and water entered the said premises occupied and owned by the plaintiff causing great damage to the plaintiff's property."

The Defendant in his answer denied each and every allegation contained in the Plaintiff's writ and declaration.

The court made the following:

"FINDINGS AND RULINGS

This is an action of tort brought by the plaintiff, the landlord, against the defendant, his tenant.

I find that on or about December 22, 1958 the defendant was a tenant at will of the plaintiff, occupying the premises at 16 Liberty Street, Waltham; that on or about said date the defendant was intending to leave the premises for a period of about a week and that he notified the plaintiff and offered to the plaintiff, a key to the stated premises. The plaintiff refused the offer stating that he had a key for any emergency that might arise.

I find that at midnight of the same date, after the defendant had left the premises, one of the radiators in a small room,

which room abutted an open balcony, burst, causing a flood in the defendant's apartment and as a result water also went into the plaintiff's apartment down stairs.

The Court finds that the plaintiff at all times acted in a reasonably prudent manner.

The witness who qualified as an expert, testified that the radiator burst as a result of its being turned off and also as a result of the door from said small room which leads out to the open balcony being open.

I find that the cause of the bursting was a result of the reason stated by the witness.

I find that the weather was very cold during the stated time. I further find that the radiators were turned off by the defendant and that the door leading to the outdoor balcony was left open by the defendant.

I find that the damage was the result of voluntary neglectful action on the part of the defendant.

It was agreed between the parties that if there were a finding for the plaintiff it would be in the amount of $375.00. The Court finds for the plaintiff in the amount of $375.00."

The defendant seasonably filed six requests for rulings of law. In his brief the defendant waives those numbered 1, 3 and 4, and so therefore, we do not have to consider them.

### Request number 2

"If the defendant is a tenant at will of the plaintiff and if the defendant by his act and omission caused damage to the rented premises, the defendant is liable only for voluntary waste and not for permissive waste."

was allowed, but no motion for a new trial or to correct an inconsistency, if one is claimed, was made by the defendant, therefore, there is no prejudicial error in the action

of the trial judge. *Duralith Corp. v. Leonard,* 274 Mass. 397, 401; *DiLorenzo v. Atlantic Nat. Bank,* 278 Mass. 321, 324; *Memishian v. Phipps,* 311 Mass. 521 at 525; *Langdoc v. Gevaert Co. of America,* 315 Mass. 8, 12; *Low Supply Co. v. Pappacostopoulous,* 283 Mass. 633, 635; *Korb v. Albany Carpet Co.,* 301 Mass. 317, 318; *Canton v. Winslow Bros. and Smith Co.,* 309 Mass. 150, 154.

Request numbered 5

"Upon all the evidence, the defendant is entitled to judgment."

and request numbered 6

"Upon all the law and the evidence, the defendant is entitled to judgment."

were denied by the trial judge.

Both of these requests failed to include specifications as requested by Rule 27 of the Rules of District Courts (1952), and for that reason there was no error in their denial and we do not review them. *Duralith Corp. v. Leonard,* 274 Mass. 397; *Caruso v. Shalit,* 282 Mass. 196, 198; *McKenna v. Andreassi,* 292 Mass. 213; *Dellamano v. Francis,* 308 Mass. 502.

The report is to be dismissed.

Sabastian W. Olivo of Waltham, for the Plaintiff.
Harnish, Mansfield, Marsh & Macdonald of Waltham, for the Defendant.