*Western District*

## JAMES E. DRURY

v.

## CRANE CO.

Argued: April 12, 1972 - Decided: July 6, 1972

*Present:* Allen, J., (Presiding) Dudley, J.

Case tried to *Melican, J.* in the District Court of Western Worcester, No. 8022

**Allen, J.** This is an action in contract for money allegedly due the plaintiff for vacation pay. The trial judge found for the plaintiff. The report sets forth, at length, evidence relative to an employment agreement between plaintiff and defendant including conflicting evidence as to vacation pay, vacation allowances, customs of defendant and union rules affecting wages due the plaintiff in lieu of time for which he did not receive vacations due to requests of the defendant that he work during his vacation time, and that at one time he was called back during his vacation.

The defendant duly requested rulings of law, of which the first and third only are material here.

 The first was: "On all the law and on the evidence the defendant is entitled to a finding in [its] favor." The judge made the following rulings — "Allowed but I do not so find." The defendant claimed a report contending the judge's finding was inconsistent with the allowance of this request. This matter is not subject of a claim of report. Inconsistency in the allowance of a request and the finding of the judge must be cured either by a motion to correct the finding, or a motion for a new trial. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 401. *Langdoc* v. *Gevaert Company of America, Inc.,* 315 Mass. 8, 12. *Defina* v. *Shapiro,* 19 Mass. App. Dec. 33, 36.

Request number three was: "On all the evidence the plaintiff has failed to make out a prima facie case against the defendant." This request the trial judge denied. The defendant having requested a ruling based on the evidence and specifying that the plaintiff had not made out a prima facie case was entitled to a finding of specific facts. Rule 27 of the District Court (1965). It is impossible to tell from the report upon what evidence the judge relied and based his decision.

Proper action in the instant situation is set forth in *Hetherington & Sons* v. *William Firth Co.*, 210 Mass. 8, 18:

"Where the facts are not agreed and no memorandum of findings is filed, commonly it cannot be certain what facts are found or which witnesses are believed by the trial judge in reaching his conclusions. If it were necessary for an excepting party not only to maintain the soundness of the law as stated in his requests but also to show that the facts supposed as the groundwork of his request must have been found on the evidence, and that no other facts could have been found which would make inapplicable the ruling of law asked for, parties in jury waived cases could not know, save in rare instances, that a grievous error of law had not been committed by the trial judge. When a case is tried without a jury, the judge occupies a dual

position; he is the magistrate required to lay down correctly the guiding principle of law; he is also the tribunal compelled to determine what the facts are. When these duties are nicely analyzed, he ought as judge to formulate the governing rules of law, and then, acting in place of the jury, he ought to follow these rules in deciding where the truth lies on conflicting evidence. In one essential particular only does he stand differently as to requests for rulings from a judge presiding over a jury trial, — he may refuse to grant a request for the avowed reason that it is immaterial or inapplicable in view of the facts found by him. When a request is presented such as in a jury trial ought to have been given, an exception to a refusal to grant it by a judge sitting without a jury must be sustained, unless the ground of refusal is distinctly stated or plainly appears in some way on the record and is such as to show that no harm has been done by the refusal, or unless it is obvious on the whole that no rights of parties have been endangered. Mere silent refusal to grant requests under these circumstances does not raise the presumption in favor of a trial court, which exists as to findings of fact made by it. This is no new principle of practice.'' — — See also *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603. *Castano* v. *Leone,* 278 Mass. 429.

Since it is impossible to determine that the judge properly instructed himself and followed the right rules of law in arriving at the facts found, a new trial is ordered.

MASON, CROTTY, DUNN & O'CONNOR
 for the Plaintiff
BULKLEY, RICHARDSON, RYAN & BURBANK
 for the Defendant