*Western District*

## LUCILLE D. TYBURSKI

### v.

## THE REPUBLICAN COMPANY

Argued: June 19, 1972 - Decided: July 10, 1972

*Present:* Allen, J. (Presiding), Dudley, Cimini, JJ.

Case tried to *Sloan, J.* in the District Court of Springfield, No. 209592.

**Allen, J.** This is an action of tort to recover damages for an alleged libel published and distributed by the defendant in newspapers in the environs of Springfield, Massachusetts. The answer was a general denial, the allegation of truth and the allegation of privilege and the lack of any real damage.

The plaintiff duly filed the following requests for rulings of law:

 1. A matter is a libel if in view of all of the circumstances it discredits the plaintiff in the minds of any considerable and respectable class in the community.

 2. The libel published herein accuses the plaintiff of a crime and is actionable per se.

3. The language that the plaintiff was divorced on the grounds of adultery taken in its ordinary and natural meaning is capable of being understood by the average man as a personal reflection on the plaintiff's character.

The judge granted all the requests. He then made a general finding for the defendant and also made the following findings of specific facts:

"I find that the publication in a newspaper of the proceeding of the probate court in divorce cases is a matter of public interest. I find that the defendant did not publish an inaccurate account of divorce proceedings, with actual malice."

The plaintiff being aggrieved by the general finding of the court claimed this report.

■■. Findings inconsistent with the disposition of requests are not subject of report, the remedy is by motion to correct, or motion for a new trial. *Vieira* v. *Balsamo,* 328 Mass. 37. *Spring* v. *F. B. Rich & Son, Inc.,* 18 Legalite 21, p. 6. We do not choose to decide this case on this technicality.

There was evidence that the defendant published in its newspapers a list of probate decrees one of which was the following:

"On the grounds of cruel and abusive treatment and adultery to John David Tyburski of 923 Liberty Street from Lucille Diane LaFlamme Tyburski of 191

Cherokee Drive, custody of two children to mother. Married September 3, 1960.''

A reporter for one of the defendant's newspapers testified that he went to the Probate Court at 4:00 p.m., and examined the divorce papers that were allowed that day, that he made the mistake in that he read the petition but the decree had not been typed. There was evidence indicating he was not activated by any malice and that he had not known the plaintiff. The report states there was evidence ''that the divorce was obtained among other grounds on the grounds of adultery.'' But from the whole report we infer that adultery was not set forth in the decree thereafter the publication was inaccurate.

 "A general finding for the defendant by the trial judge will not be disturbed by this court if it can be supported upon any reasonable view of the evidence with all rational inferences of which it is susceptible, unless such finding is plainly wrong.'' *Scire* v. *Scire*, 348 Mass. 768; *Piekos* v. *Bachand*, 333 Mass. 211; *Hannaford* v. *Carlson*, 23 Legalite 213.

 The specific findings render the requests immaterial and therefore the allowance of them does not constitute reversible error. *Cassiani* v. *Ballino*, 338 Mass. 784; *Deutsch* v. *Ormsby*, 354 Mass. 485, 487; *Fain* v. *Fitzhenry-Guptil Co.*, 335 Mass. 6; *DeSouza* v. *Angelarous*, 330 Mass. 712.

 The issue is whether it is necessary to

prove malice in an action against a newspaper for publication of an inaccurate report of a probate court decree. In our opinion malice is now required. The older cases wherein it has been held the inaccurate publication accusing the plaintiff of a crime is actionable per se have been superseded.

"The Founders (of our government) felt that a free press would advance 'truth, science, morality and arts in general; as well as responsible government." *Curtis Publishing Co.* v. *Butts*, 388 U.S. 130, 147.

In a series of cases beginning with *New York Times* v. *Sullivan*, 376 U.S. 254 the court has considered the limitations upon state libel laws imposed by the constitutional guarantees of freedom of speech and of the press.

"Traditional arguments suggest the libel law protects two separate interests of the individual: First, his desire to preserve a certain privacy around his personality from unwarranted intrusion, and, second a desire to preserve his public good name and reputation. *Rosenblatt* v. *Baer*, 383 U.S. 75, 92.

In *Times, Inc.* v. *Hill*, 385 U.S. 374, 388 the court said "We have recognized that 'Exposure of the self to others in varying degrees is a concomitant of life in a civilized community'."

. "It is clear that there has emerged from our cases decided since (*Times* v. *Sullivan*) the concept of the First Amendment's impact upon

state libel laws derives not so much from whether the plaintiff is a 'public official', 'public figure', or 'private individual' as it derives from the question whether the allegedly defamatory publication concerns a matter of public or general interest." *Rosenbloom* v. *Metromedia, Inc.,* U.S. (1971) 39 L.W. 4695, 4699.

In the same case the court said "We think the time has come forthrightly to announce that the determinant whether the First Amendment applies to state libel actions is whether the utterance involved concerns an issue of public or general concern, albeit leaving the delineation of the reach of that term to future cases."

The court also said "Freedom of the press and freedom of speech persuade us that allowing private citizens to obtain damage judgments on the basis of a jury determination that a publisher probably failed to exercise reasonable care would not provide adequate 'breathing space' for these great freedoms."

The Massachusetts Supreme Court followed *Rosenbloom* in abandoning "public official" or "public figure" in the application of actual malice. *Priestley* v. *Hastings & Sons Publishing Company of Lynn,* 359 —— Mass. —— (1971 Mass. Adv. Sh. 1265, 1268, 1269). It quoted from the *Rosenbloom* case: "If a matter is a subject of public or general interest, it cannot suddenly become less so merely because a private individual is involved, or

because in some sense the individual did not 'voluntarily' choose to become involved. The public's primary interest is in the event; the public focus is on the conduct of the participant and the content, effect, and significance of the conduct, not the participant's prior anonymity or notoriety.''

In both the *Rosenbloom* and *Priestley* cases, actions by private individuals, the court held that the actual malice standard was applicable.

In the case before us, at most there was negligence but not knowledge nor reckless disregard of the falsity of the publication. Therefore, proof of malice is necessary.

There being no prejudicial error, **the report is to be dismissed.**

GEORGE W. LEARY
 of Springfield for the Plaintiff.
JAMES R. CROWE
 of Springfield for the Defendant.