LOUIS I. ALTSHULER & others *vs.* JAMES MARTIN FIELD. January 2, 1958. Order of the Appellate Division of the Municipal Court of the City of Boston denying petition of the defendant to establish a report affirmed. The case comes here upon the defendant's appeal from an order of the Appellate Division which was based upon noncompliance with Rule 31 of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952) which reads in part: "Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks a rehearing by the Appellate Division, the stage of the case at which, and the manner in which the same arose, how he claims to be prejudiced by such rulings, and any other facts essential to a full understanding of the questions presented." Attached to these rules is a form of report for the guidance of counsel which in part provides, "state in detail and accurately the rulings given or refused by which the party claims to be aggrieved." The controversy arises out of an action in contract in that court in which the plaintiffs sought to recover for services rendered the defendant and in which there was a finding for the plaintiffs. At the trial the defendant filed six requests for rulings. The clerk of court sent counsel for the defendant a written notice of the finding of the judge with a notation "Memo of rulings made by direction" of the judge. These requests appear in the record with a notation of the action of the judge as to each request. Five of the requests were granted and one denied. The defendant contends that

the judge failed to act upon his requests because he failed to affix his signature to a memorandum of the disposition of the defendant's requests. We do not agree with this contention. The notice from the clerk of court to counsel for the defendant was sufficient to direct the attention of counsel to the action of the judge on the requests. Even a cursory examination of the original papers in the clerk's office would have disclosed what the judge did with reference to the requests. In these circumstances the report did not comply with Rule 31 in that it did not set out accurately how the defendant claimed to be aggrieved by the action of the judge on the requests or any other matters essential to a full understanding of the questions presented. See *Stafford* v. *Commonwealth Co.* 263 Mass. 240; *Wilson* v. *Checker Taxi Co.* 263 Mass. 425; *Burick* v. *Boston Elevated Railway*, 293 Mass. 431; *Haines Corp.* v. *Winthrop Square Cafe, Inc.* 335 Mass. 152. We are also of opinion that there was no inconsistency between the rulings and finding.

*Norman P. Mamber,* for the defendant, submitted a brief.

*Daniel S. Fram,* for the plaintiffs.