*Municipal Court of the City of Boston*

No. T-6878

**LOUIS F. CASELLA, INC.**

**v.**

**CITIZENS INSURANCE CO. OF NEW JERSEY**

(May 3—September 25, 1963)

*Present*: Gillen, J. (Presiding), Roberts & Chayet, JJ.

Case tried to *Adlow, C. J.*

*Gillen, J.* This is an action of contract to recover $630.00 for damages resulting to a deisel powered tractor, which was covered against loss or damages by reason of sabotage, vandalism or malicious mischief, under a policy of insurance issued by the defendant.

The defendant answered that if the plaintiff suffered the loss complained of in its declaration said loss did not occur from a

cause for which the defendant is liable under the contract of insurance.

*At the trial there was evidence tending to show that* a diesel powered motor owned by the plaintiff was covered against loss by reason of *sabotage, vandalism or malicious mischief* under a policy of insurance issued by the defendant. On or about October 18, 1961, and during the term of said policy, the diesel powered motor was damaged by reason of the presence in the crankcase of heavy fuel oil. Four days before the engine was so damaged an officer of the plaintiff corporation had personally caused the oil in the crankcase to be changed using a brand named oil for the purpose. This oil was taken from cans which had been sealed.

The tractor, which was served by the engine involved, was on a job at the time the damage occurred. It would be used during the day and left on the location unattended during the night. The tractor had been used during the four day period prior to the discovery of the damage, for two full working days of eight hours each and about one half of a third working day.

An expert called by the plaintiff testified that the damage to the tractor resulted from the presence in the crankcase of heavy fuel oil. It was his opinion that a quantity of heavy industrial oil similar to the type used as fuel in industrial furnaces had been added to the motor oil of the engine and that the longest an engine could work without break-

ing down with such an oil in the crankcase would be two or three hours.

There was no heavy fuel oil kept on the location where the diesel motor was being used, nor was such heavy oil used for any purpose by the plaintiff or its employees.

The defendant rested at the close of the plaintiff's evidence and made the following requests for rulings of law which the court disposed of as follows:

1. The words "vandalism" and "malicious mischief", as used the police of insurance are to be given the meaning attributed to them in common use. See: *Bloom v. Ohio Farmers, Co., Inc.,* 255 Mass. 528, 530. *Allowed.*

2. "Vandalism is the Spirit of conduct of, or like that of the vandals, hostility to, or willful destruction of, or defacement of things of beauty." See: Webster's Dictionary. *Allowed.*

3. "Malice involves emnity of heart; ill will— *Law.* The state of mind manifested by an intent to commit an unlawful act." See: Webster's Dictionary. *Allowed.*

4. The plaintiff has the burden of proving that there is a greater probability that the damage done to the engine was done by a vandal or by malicious mischief than by negligence or the act of a child at play. See: *Rich v. United Mutual Fire Ins. Co.,* 328 Mass. 133, 135— last par. *Allowed.*

The court found for the plaintiff in the amount of $630.00.

The defendant seasonably filed a motion for a new trial as follows:

1. The finding for the plaintiff is against the evidence.
2. The finding for the plaintiff is against the weight of evidence.
3. The finding for the plaintiff is against the law.
4. The finding for the plaintiff, after the allowance of the defendant's requests for rulings of law, is inconsistent.

After hearing, the court denied the defendant's motion for a new trial.

The defendant claims to be aggrieved by the denial of the trial judge of its motion for a new trial and by the finding for the plaintiff after allowing the defendant's requests for rulings of law.

The course of appeal of the defendant is complicated to say the least. At the trial the defendant could have filed a request for a ruling of law based on the sufficiency of the evidence and brought to a head at once the question that it now seeks to raise, that the evidence did not permit a finding for the plaintiff.

Its four requests for rulings of law were granted, and the defendant, following a finding for the plaintiff, filed a motion for a new trial based on the fact that the finding for the plaintiff is inconsistent after the allowance of the defendant's requests for rulings of law.

No complaint is in order where the trial judge allows the requests for rulings of law requested by the appealing party. *Korb v. Albany Carpet Cleaning Co.,* 301 Mass. 317. Also, a question of an inconsistency between

allowance of requests for rulings and a finding can be raised by a motion for a new trial. *National Shawmut Bank v. Johnson,* 317 Mass. 485, 492.

No requests for rulings of law were filed at the hearing on the motion for a new trial.

We will not explore the question of the necessity of requests for rulings of law at a hearing on a motion for a new trial of this nature in view of our eventual conclusion in the case.

The evidence was sufficient to warrant a finding for the plaintiff. The quantum of the evidence is not the test in a case of this kind. Rather it is the type of evidence and the type of witness that produces it at the trial.

The trial judge, for example, had the opportunity to see and hear the expert, and the officer of the corporation who originally had the oil changed in the crankcase four days before the engine was damaged and substituting a brand named oil. This oil was taken from cans that were sealed.

There was no heavy fuel oil on the project and none is kept by the plaintiff or its employees for any purpose. It could not have entered the engine naturally for it was not present in the area.

It could be found that some person brought the heavy oil to the engine from some outside source of supply and added it to the crankcase oil.

The evidence shows the tractor operated normally for two working days. The evidence

also shows that between working days the tractor was left unattended and that after about one-half of the next working day the damage occurred.

All this warrants a conclusion that during the night following the second working day the heavy oil was added to the crankcase.

This shows intentional human intervention. The trial judge found it was not a negligent act and the absence of heavy oil at the job would warrant this deduction.

The trial judge could have found that people other than the expert would have knowledge of the effect of heavy oil on the engine and that it was a cute precautionary act on the part of the vandal to be adding heavy oil to the engine, than for example, sand—if said vandal was caught in the act of vandalism.

There was enough evidence here to uphold the finding of the trial judge. After all, it did not have to be proven beyond a reasonable doubt, only by a preponderance of the evidence.

The plaintiff met its burden—that the heavy fuel oil was put there by intentional human intervention rather than that it came there by any accidental or negligent means or through normal use. See *Pintsopolous v. Home Insurance Co.,* 340 Mass. 734. We find no error. The order is: Report dismissed.

Fred R. Sherman, of Boston, for the Plaintiff.

Joseph J. Monaghan, of Boston, for the Defendant.