## Appellate Division No. 8388

# JOHN M. FRANCO, et al Trustees of FIREBALL REAL ESTATE TRUST
## v.
# IVAN MARINOW

Argued: Oct. 23, 1975. Decided: March 17, 1976.

Case tried to *Cullen, J.,* in the Fourth District Court of Eastern Middlesex. No. 272 of 1974.

Present: Gould, Bacigalupo, Walsh, J.J.

*GOULD, J.* This was an action in contract and tort to recover for breach of covenants in a lease; conversion of electrical wiring outlets and circuit breakers; and for negligence for failure upon vacating the premises to take proper measures to secure the premises against vandalism.

The plaintiffs challenge the correctness of the trial justice's allowance or denial of certain requests for rulings filed by the plaintiff, his finding of facts and his finding for the defendant.

In the trial court stipulations were made by counsel that a written lease was in effect which had been assigned by the original lessor to the plaintiff, that the defendant was the lessee and that the lease had been extended to March 1, 1975.

*There was evidence tending to show that:*

On or about December 6, 1973 the defendant moved his business equipment from the leased premises including certain electrical wires, conduit pipe, outlets and circuit breakers. The plaintiff claims the monthly rent for January, 1974 in the amount of $350.00 and the tort and conversion.

At the conclusion of the case, the court found the following facts:

"The count of rent for Three Hundred Fifty Dollars ($350.00) was waived in open court. The electrical wiring, conduits, outlets and circuit breakers that were removed by the defendant upon vacating the premises were his personal property and were not part of the leased premises."

"The premises were, when the plaintiffs inspected same and accepted the keys, in good condition (reasonable wear and tear)."

The plaintiff filed the following requests for rulings:

1. The evidence requires a finding that on January 25, 1971, Ivan Marinow, d/b/a TMAR Engineering Company, entered into a written lease with Katherine Ramasci, Trustee.

2. The evidence requires a finding that on April 19, 1973 Katherine Ramasci, Trustee, assigned all her right, title and interest in the lease dated January 25, 1971 between her and Ivan Marinow to the Plaintiff.

3. The evidence requires a finding that on November 29, 1973, Ivan Marinow sent a written notice to the plaintiffs extending the lease to March 1, 1975.

4. The evidence requires a finding that the defendant without justifiable cause refused to pay the stated monthly rent of $350.00 for the month of January, 1974 as provided in the lease.

5. The evidence requires a finding that the electrical wiring, outlets and circuit breakers installed in the leased premises at the direction of the defendant became a part of the real estate.

6. The evidence requires that in violation of the lease agreement, the defendant caused or allowed to be caused extensive damage to the leased premises and equipment contained therein.

7. The evidence warrants a finding that the fair and reasonable cost to replace the electrical wiring outlets and circuit breakers removed by the defendant is $748.00.

8. The evidence warrants a finding that the fair and reasonable cost to repair a hole in the cement block wall of the leased premises caused by the defendant is $50.00.

9. The evidence warrants a finding that the fair and reasonable value of removing trash and debris left on the leased premises by the defendant is $100.00.

10. The evidence requires a finding that the defendant converted to his own use the following property of the plaintiffs: electrical wiring, electrical outlets and circuit breakers.

11. Upon all the evidence a finding for the plaintiffs is warranted.

12. Upon all the evidence a finding for the plaintiffs is required.

13. The evidence requires a finding that the defendant converted to his own use electrical wiring, outlets and circuit breakers, the property of the plaintiffs from 169A Merrimac Street, Woburn, Massachusetts.

The court allowed requests 1, 2, 3, 7, 8, 9, and 11, and denied 4, 5, 6, 10, 12, and 13. The plaintiff claims to be aggrieved from the findings of the court, from

the denial of his requests for rulings numbered 4, 5, 6, 12, and 13, and from the granting of plaintiffs requests numbers 1, 2, 3, 7, 8, 9, and 11, and then entering a finding for the defendant.

There is no error. No appeal lies to the Appellate Division by a party whose requests have been allowed even though the [general] finding was against him, provided that such rulings are based on a full consideration of the facts presented in evidence. Requests numbers 1, 2, and 3 were properly allowed by the court as being, in fact, required because of the stipulation entered into by counsel at the commencement of the trial.

Requests numbers 7, 8, 9, and 11, however, were requests made to the court based on evidence. The denial of these requests would in effect have amounted to a ruling as a matter of law that there was no evidence to warrant recovery by the plaintiff. These requests were not requests that as a matter of law the plaintiff was entitled to recover. The denial of these requests would have been error. The plaintiff was seeking a ruling that there was evidence sufficient to justify the findings requested in each of these requests. He was entitled to that ruling or to a statement of findings of facts showing that the requested Ruling had become irrelevant. *Bresnick v. Heath,* 292 Mass. 293, 298 (1935). See also: *Albert Digesse v. Columbia Pontiac Co., Inc. and Kenneth Valencia,* 1975 Mass. Advance Sheets 3281.

A finding on facts in favor of the defendant was supportable on the evidence as contained in the report as well as in the findings made in the court.

As to the denial of requests number 4, 5, 6, 12, and 13, request number 4 was properly denied because the findings of fact by the court stated that the count for rent was waived in open court. The remaining requests which were denied, sought rulings

stated to be required by the evidence. It has been well settled that findings of fact made by the trial court on oral evidence are not reviewable. *Engel v. Checker Taxi Co.*, 275 Mass. 471 (1931). *Winchester v. Missin,* 278 Mass. 427, 428 (1932). *Mahoney v. Norcross,* 284 Mass. 153 (1933).

The findings made by the court are questions of fact which were to be determined on all of the evidence, especially that part of the finding which determined that the materials which were removed were personal property and had not become part of the realty by reason of annexation. *Bay State York Co. v. Marvix, Inc.,* 331 Mass. 407 (1954). *Automatic Sprinkler Corporation of America v. Rosen,* 259 Mass. 319 (1927).

The report further indicated that the plaintiffs were aggrieved by the court's finding which was inconsistent with the ruling of the trial justice and against the weight of the evidence. Such complaints are not the subject of an appeal to the Appellate Division. If the plaintiffs were so aggrieved their remedy was to file a Motion to the trial court either to correct the finding or for a new trial.

No prejudicial error found. **Report dismissed.**