*Western District*

# No. 170

## CUTLER-HAMMER, INC.
### v.
## RICHARD G. PROGULSKE, GUSTEL PROGULSKE
### and
## RALPH E. SCHOPPE

Argued: Dec. 1, 1975. Decided: Nov. 10, 1976

Case tried to *Walsh, J.,* in the District Court of Springfield. Number: 212855.

Present: Gould, P.J.; Cimini, Constantino, J.J.

**Gould, P.J.** This is an action of contract against three individual Defendants who signed a series of promissory notes. Count No. 1 sued the defendants as endorsers, Count No. 2 sued them as makers, and Count No. 3 sued them as guarantors.

The defendants answered by general denial and by failure of consideration of the said notes, and that the plaintiff failed to give proper notice to the defendants of the makers' default on the payment of said note.

*The evidence showed the following:*

Cutler Hammer, Inc. was the manufacturer of electrical controls. Dix Electrical Supply Corporation, not a party to this action, but a corporation with which the defendants were affiliated, was a distributor for the plaintiff. The defendants, Progulske, were stockholders of Dix Electrical Supply Corporation, and Schoppe was its accountant and sometimes active as well as a financial advisor.

In March of 1965 Dix owed Cutler about $10,000.00, and shipments of material were being held up because of the delinquency. In consideration of extending further credit to Dix it was agreed that the individual defendants would execute notes along with the Dix Corporation in the amount of $7,000.00, and also would pay to the plaintiff $2,500.00, and further that the plaintiff would grant or limit Dix to a $3,000.00 future line of credit.

As a result of this discussion, a series of twenty-five notes were signed. Twenty-four of them were for $200.00 each and the twenty-fifth note was for $2200.00. These notes were staggered over a two year period, maturing a month apart. Each note was dated March 8, 1965, and recited "We *jointly* and *severally* promise to pay to the order of Cutler-Hammer, Inc.", and was signed on the front by Richard G. Progulske, President and Treasurer of Dix Electrical Corporation. Each defendant signed on the back of each note with no words of description, limitation or condition. A copy of one of the notes was annexed to the report, and was incorporated therein. There was testimony that the plaintiff's assistant credit manager wanted the defendants as co-makers on the note. A letter from one of the plaintiff's attorneys demanding payment,

referred to the defendants as endorsers. The defendants testified they understood that they signed as endorsers.

The first twelve notes in the amount of $2,400 were paid. The note due March 15, 1966, and those due thereafter, totalling $4,600 were not paid. A check had been received for note number 13, but was returned for insufficient funds. Plaintiff called the defendant, Progulske and Mr. Schoppe about payment, and they said the matter would be straightened out.

The last of the notes was due in March of 1967, and sometime in 1967, or 1968, Dix went bankrupt. The first demand which the defendants had for payment was claimed by them to be by letter dated July 18, 1968. Although there was evidence that the plaintiff communicated with the defendants, as the notes were dishonored, and requested payments, this was denied by the defendants. There was evidence by the defendants that they signed the notes on condition that the plaintiff would appoint no other distributors in the area and would apply credit towards the note when the plaintiff made direct sales in this area on certain accounts. The plaintiff testified there were no conditions imposed when the notes were signed. The plaintiff did give certain credits to Dix when due, but they were applied by the plaintiff to Dix's open account indebtedness, and not to the notes. The notes were for a prior past due obligation, and there was testimony by each of the defendants that the plaintiff did appoint two additional sales representatives in the territory previously served exclusively by Dix.

Schoppe testified that he prepared the notes at Dix's office, and had them typed by Mrs. Progulske, then the parties signed them and forwarded them to the plaintiff. Schoppe later stated that he did not know who prepared the notes, and Progulske testified also that he did not know who prepared the notes.

Finding of the trial court was for the defendants on counts 1 and 3, and for the plaintiff on count 2 in the amount of $4,600.00, with interest from the due date of each note.

At the close of the evidence the defendants Richard G. Progulske and Gustel Progulske, made the following requests for rulings, and an identical set of rulings was filed by the defendant Schoppe. These requests and the court's disposition thereof were as follows:

1.  The evidence warrants a finding for the defendants. *Allowed.*

2.  There is no evidence to warrant a finding for the plaintiff. *Denied.*

3.  The evidence warrants the finding that the plaintiff has failed to sustain its burden of proof. *Allowed.*

4.  The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that the defendants, Richard G. Progulske and Gustel Progulske, signed the notes in question as guarantors. *Denied as immaterial based on my findings of fact.*

5.  The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that the defendants, Richard G. Progulske and Gustel Progulske, signed the notes in question as co-makers. *Allowed, but I do not so find.*

6.  The evidence warrants the finding that the capacity in which Richard G. Progulske and Gustel Progulske signed the notes in question is ambiguous. *Allowed, but I do not so find.*

7.  Under G.L. Chapter 106, Section 3-402, a signature on a note made in an ambiguous capacity is an endorsement. *Denied as inapplicable since I do not find the signatures ambiguous.*

198

8. The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that the defendants signed the notes involved in any capacity other than endorsers. *Allowed but I do not so find.*

9. Under G.L. Chapter 106, Section 3-501, unless excused by Chapter 106, Section 3-511, there must be presentment of the note for payment and notice of dishonor in order to hold an endorser liable. *Denied as inapplicable as I do not find the defendants signed as endorsers.*

10. The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that presentment of the note was made within the time prescribed by M.G.L.A. Chapter 106, Section 3-503. *Allowed but I do not so find.*

11. The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that it was excused under Chapter 106, Section 3-511, from making a timely presentment. *Denied as inapplicable since I find the plaintiff made timely presentment.*

12. The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that it was excused under M.G.L.A. Chapter 106, Section 3-508. *Denied as immaterial since I find the defendants were comakers.*

13. The evidence warrants the finding that the plaintiff has failed to sustain the burden of proving that it was excused under M.G.L.A. Chapter 106, Section 3-511, from giving the defendants a timely notice of dishonor. *Denied since I find the defendants were comakers.*

14. The evidence warrants the finding that the plaintiff, without a valid excuse, delayed making presentment and under M.G.L.A. Chapter 106, Section 3-502, the defendants are discharged from

liability on the notes in question. *Denied as inapplicable since I find proper and timely presentment was made.*

15. The evidence warrants the finding that the plaintiff without a valid excuse, delayed giving notice of dishonor and under M.G.L.A. Chapter 106, Section 3-502, the defendants are discharged from liability on the notes in question. *Denied as immaterial since I find defendants were comakers.*

The court found the following facts:

"This is an action of contract brought by the payee on a series of promissory notes against three of four makers who executed the notes, the fourth having since gone into bankruptcy. Although the three defendants signed on the reverse side of the notes, I find that they signed as co-makers and not as endorsers or guarantors. I do not find the capacity in which they signed was ambiguous. I further find that proper presentment was made by the plaintiff of the notes in question."

There is no error. The defendants' claim of error is predicated on the fact that the trial justice's rulings and statements of reasons therefore were inconsistent with his actual findings. Thus, for examination of the question of error, we refer again to the case of *DiGesse v. Columbia Pontiac Co., Inc.,* 1975 Adv. Sheets 32, a.d. 1.

Request number 2 denied by the trial justice was proper in the light of the finding. Requests Nos. 4, 7, 11, 12, 13, 14, and 15 were all denied by the trial justice as either inapplicable or immaterial, based on his findings of facts. We believe that the justice's several rulings and findings as to these which were denied, when considered in their entirety, indicate that his ultimate decision in favor of the plaintiff on Count 2, was not due to the application of incorrect principles of law.

■ As to the defendants' claim of being aggrieved by the allowance of requests numbered 3, 5, 6 and 8, and the court's failure to find for the defendants, even after allowing those requests, we quote again the case of: *Bresnick v. Heath,* 292 Mass. 293 (1935). In these rulings the defendants were seeking a ruling that there was evidence sufficient to justify a finding in their favor.

■ They were entitled to those rulings, or to a statement of findings of fact showing that the requested rulings had become irrelevant, see: *Rummell v. Peters,* 314 Mass. 504, 517-518 (1943) decided in 1943, wherein the court stated it has been settled since *Bresnick v. Heath* that in a case tried without Jury the party having the burden of proof is entitled on request to a ruling, that the evidence warrants a Finding, that "a burden has been sustained if that is true," or conversely that, "a burden has not been sustained", if that also is true. Only in that way can he make sure that a decision against him is not based upon the erroneous ground that on the evidence there was nothing for the fact finding tribunal to consider.

In *DiGesse v. Pontiac* quoted above, the Supreme Judicial Court re-affirmed requests of this sort for a ruling that the evidence "warrants" a finding in favor of the party making the request, were first recognized as logically proper in *Bresnick v. Heath,* and thereafter came into common use. Ever since, they have caused inexplicable confusion in many minds, and the court *therein* stated that the trap set by such a request is perilous to the unwary, but easy to avoid. In this case the trial justice has avoided *appropriately* and *properly* those traps.

**No Prejudicial Error Found. Report Dismissed.**