Robert VIGNEAU
vs.
Frank VILLANI & another[1]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

February 28, 1980

Louis J. Noferi for the plaintiff.
Charles J. Brucato for the defendant.

Present: McGuane, Walsh & Mullaney, JJ.

McGUANE, J. This is an action sounding in contract which was brought by the plaintiff for labor and materials provided by the plaintiff in connection with a remodeling of the defendants' property located at 35 Cedar Street, Milford, Massachusetts.

The court found for the plaintiff for labor and materials, and assessed damages in the sum of $5,000.00.

The trial court made the following subsidiary findings:

[1]Mabel Villani.

[a]Mass. App. Ct. Adv. Sh. (1979) 742.
[1]Mabel Villani.

"I find that although the parties executed an agreement which established a fixed price for the compensation of the work, both by their actions and conduct, in addition to subsequent verbal acquiescence, it was clearly understood that the contract price would not be controlling but would be subject to modification. Upon a consideration of all the evidence I find that the plaintiff is entitled to Judgment in the amount of $5,000.00 as the value of the labor and materials expended on the project at 35 Cedar Street, in addition to the $11,300.00 which the defendants have already paid to the plaintiff."

The defendants claim to be aggrieved by the trial court's allowance of certain requests made by the plaintiff, and by the court's rulings on the defendants' requests for rulings.

This court has carefully reviewed each of the plaintiff's requests for rulings, and finds that each is a correct statement of law which was correctly allowed by the trial judge.

On the first request of the plaintiff, which uses the word "voluntary" instead of "involuntary," the court applied the correct law even though the request was inaccurately worded by the plaintiff.

The defendants' requests for rulings have been carefully reviewed.

The trial court made subsidiary findings of fact and also reported a great deal of the actual testimony in its report.

We hold that the trial court's findings were amply supported by the evidence. The defendant-appellants' arguments are directed to these findings of fact which are not reviewable by this court. The question of substantial performance clearly was a factual determination, and we find that there was substantial evidence upon which the trier of fact could base his finding.

The other argument raised by the defendants deals with the question of whether the plaintiff in good faith fully performed his contract. Again, we view these requests as factual questions to be determined by the trial court. The report contains substantial evidence on which the trial court based its findings.

The appeal of requests for rulings may not be used as a method for trying the fact situation de novo. A properly framed request, which raises a question of law as to whether or not the facts found are sufficient as a matter of law, brings into question only two things; first, was there sufficient evidence to warrant the factual finding; and second, do those facts as a matter of law allow the ultimate finding made by the trial court.

In this matter, there was ample evidence to support the findings by the trial court. In addition, the ultimate finding made by the trial court was warranted by these subsidiary findings. It should be pointed out that in any case, especially where the evidence is contradicted, a finding may be warranted but is not required. Requests for rulings that the evidence "warrants" a certain subsidiary or general finding do not "require" such finding. Such finding deals with permissive not mandatory findings. Cutler-Hammer, Inc. v. Progulske, 59 Mass. App. Dec. 194 (1976); Franco v. Marinow, 58 Mass. App. Dec. 29 (1976). The dual role of the trial judge as the fact finder and as the one who applies the law to those facts must be appreciated.

Having closely examined all of the issues raised by this claim of report, we find no prejudicial error. The report is, therefore, dismissed.