Robert A. Welsh, Jr.

Charles E. Black

Robert C. SECHREST

vs.

George SAFIOL, et al.[1]

September 9, 1980

District Court Department
Appellate Division, Southern Distr
Trial Court of the
Commonwealth of Massachusett

[1]The other defendant is Stanley E. Collinson, d/b/a Hill and Co

Edward C. Donlon for the plaintiff.
Roy D. Toulan, Jr., for the defendant.

Present: Rider, J., Welsh, J., and Black, J.

WELSH, J. This is a civil action sounding in contract, in which the plaintiff seeks the return of a deposit of $3,800.00 paid on account of a purchase and sale agreement between the plaintiff as seller, and defendant, George E. Safiol, as buyer. The other defendant, Stanley E. Collinson, Jr., was the real estate broker who had held the deposit and who deposited the money so held into court agreeable to an order allowing him to do so. Collinson was, in effect, a stakeholder who did not participate in the litigation as a party after the money was paid into court.

By way of answer, defendant Safiol asserts that he properly exercised an election given him by the terms of the agreement to cancel the contract because cer-

tain conditions precedent were not met.

The trial judge found for the defendant Safiol and ordered that the deposit money paid into court be turned over to him, and judgment was entered accordingly.

The plaintiff filed certain requests for rulings of law in connection with its claim against the defendant Safiol, all of which were allowed by the trial judge. The requests for rulings are set forth in the footnote.[2] No claim of error may be asserted by the plaintiff based upon the court's action allowing the rulings he requested. Franco v. Marinow, 58 Mass. App. Dec. 29, 33 (1976); Louis F. Casella Inc. v. Citizens Ins. Co. of New Jersey, 27 Mass. App. Dec. 60, 63 (1963); Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318 (1938).

The plaintiff filed certain requests for rulings of law in connection with the defendant Collinson, the broker. These requests, which were allowed but deemed inapplicable in view of the facts found, are set forth in a footnote.[3] Requests for rulings may properly be refused where rendered inapplicable by the court's findings of fact. Jaquith v. Morrill, 204 Mass. 181, 187, 188 (1910); Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18 (1911). In the instant case, the requests for rulings were allowed, presumably because the judge determined them to be accurate statements of the law in the abstract, but either immaterial because inconsistent with the facts he found or otherwise inapplicable. See: Viera v. Balsamo, 328 Mass. 37, 39 (1951). The allowance of requests for rulings afford no basis for appellate review at the instance of the proponent of the requests for rulings and the Appellate Court has no duty to consider the correctness of such action. Korb v. Albany Carpet Cleaning Co., supra, p. 318; Woodman v. Haynes, 289 Mass. 114, 118 (1935); Baker v. Davis, 299 Mass. 345, 348 (1938). The Appellant neither argued orally nor in his brief the propriety of the court's action on the requests for rulings and we deem them waived on appeal. Holliston Mills, Inc. v. Plimpton Corp., 55 Mass. App. Dec. 43, 51 (1974); Dist./Mun. Cts. R. Civ. P. 64(f).

An even more fundamental reason appears for not reviewing the rulings requested by the plaintiff as to defendant Collinson. The docket entries show that on February 15, 1979 the court allowed the defendant Collinson's motion for leave to deposit the funds he was then holding with the court. Upon payment of the money into court, defendant Collinson might have been discharged as a party defendant in the court's discretion.[4] The plaintiff did not take any steps to preserve for appeal purposes any claim of error he

---

[2] 1. Where conditions relate to a Buyer's performance under a real estate Purchase and Sale Agreement, Buyer is obliged to use good faith and to take steps to attempt to fulfill such conditions and cannot seize upon his own inaction as the basis for terminating on the ground of non-fulfillment.

2. Where the extension period in a business agreement ends on a Friday, unless otherwise stated the extension period ends as of the close of business on Friday.

3. Where Buyer under such an agreement claims that the nonfulfillment of a condition relating to his performance entitles him to cancel the Agreement, he cannot assert such a claim where his announcement of "cancellation" occurs after the extension deadline has expired.

[3] 4. Where an agreement states that a broker holds the deposit as agent for the Seller, in the event Buyer fails to consummate the Agreement for reasons solely attributable to the Buyer, the broker is obliged, under his agency, to turn the deposit over to his principal, the Seller.

5. A broker who, under the circumstances set forth in #4, refuses to turn the deposit over to his principal, the Seller, is liable for damages for the breach of the agency, consisting of interest on said deposit from the date of his breach or refusal up until the date he pays the deposit money into court.

6. A broker who, under the circumstances set forth in #4, refuses to turn over the deposit to his principal, the Seller, is obliged under his agency to place the withheld deposit into an interest-bearing bank account.

7. A broker who, under the circumstances set forth in #4, refuses to turn over the deposit to his principal, the Seller, claiming he is a stakeholder, is liable for interest on said deposit funds from the date he is served with process up until the date on which he pays the deposit funds into court.

[4] The defendant Collinson took the position that he had no interest in the fund and sought to pay the money into court so as to require the plaintiff and defendant to litigate inter sese. See: Gonia v. O'Brion, 223 Mass. 177, 178 (1916); Mass. R. Civ. P. 22; Mass. R. Civ. P. 67. After the money was paid into court agreeable to order to do so, Collinson took no further part in the case.

might have had to such action by the trial judge No request for report appears to have been filed by the plaintiff with respect to said action. Furthermore, the plaintiff in his brief asserts his willingness to dismiss his claim against the broker, the defendant Collinson, who did not participate at the trial and who is not a party to this appeal.[5] In view of this assertion, we deem any requests for rulings as to the defendant Collinson as waived.

The report that was submitted to this division is flawed by a number of significant substantive and procedural infirmities. First, the report fails to contain any statement indicating unequivocally the action of the trial court by which the plaintiff-appellant claims to be aggrieved. There is no clear identification of the ruling or rulings about which the plaintiff complains. Such a statement is mandatory, Dist./Mun. Cts. R. Civ. P. 64(c)(2); Dillon v. Framingham, 288 Mass. 511, 513 (1934); Altshuler v. Field, 336 Mass. 761, 762 (1958).

This deficiency takes on increased significance in this case because no request for report, apart from a draft report, was ever filed. Of course, a seasonably filed draft report is deemed to include a request for report. Dist./Mun. Cts. R. Civ. P. 64(c)(1)(i). When this alternative method of perfecting an appeal to the appellate division is elected by the appellant, it is crucial that the report contain a clear and concise statement of the rulings or other actions by which he claims to be aggrieved, and how he claims to be prejudiced by such rulings. The "Draft Report Model", which is incorporated by reference as part of Dist./Mun. Cts. R. Civ. P. 64, ought to be scrutinized by counsel and by the court, and followed as closely and as fully as the circumstances of the case permits. Altshuler v. Field, supra, P. 761; Tranfaglia v. Security National Bank, 50 Mass. App. Dec. 85, 87 (1973). Secondly, the report does not contain in narrative form a statement of the evidence pertinent to the issues on appeal.[6] Rather, it is stated in the report that the judge's findings of fact accurately summarize the evidence at the trial. While perhaps not totally im-

er in some cases to combine the judge's proper in some cases to combine the judge's findings of fact with a statement of evidence. See: Olofson v. Kilgallon, 362 Mass. 803, 805 (1973)[7] the practice is to be discouraged; The appeal process is measurably facilitated by a clear demarcation between the findings of fact and statements of the evidence. Again, preparation of the draft report by the appellant in accordance with the format prescribed achieves not only desirable uniformity but also tends to obviate omissions due to oversight. The responsibility for the report that is ultimately submitted to the appellate division is not only that of counsel, but primarily that of the judge settling the report. Preparation of the report should be carefully supervised by the trial judge, not only with a view towards its substantive content and completeness, but also as to adherence to the prescribed form and other procedural requirements. Kelly v. Foley, 284 Mass. 503, 509 (1933); Perry v. Hanover, 314 Mass. 167, 168, 169 (1943); Tranfaglia v. Security National Bank, 50 Mass. App. Dec. 85, 87 (1973).

Appellant's principal contentions are that the judge's findings are inconsistent mutually and that the judge's finding that the defendant made a sufficient effort in good faith to bring about the happening of the conditions precedent contained in the real estate sales contract, was not sup-

---

[5] Brief of plaintiff-appellant P. 7 f.n.2: No judgment was ever entered in the trial court disposing of claims by and against the defendant Collinson. Mass. R. Civ. P. 54(b).

[6] In fact, the report fails to disclose which party or parties claim to be aggrieved. This has been held to be improper as to form. Reed Lumber & Coal Co., Inc. v. Kreft, 12 Mass. App. Dec. 157, 158 (1956).

[7] But see: Menotomy Realty Corp. v. French, 55 Mass. App. Dec. 21, 30-31 (1974), wherein findings were not deemed to be a recital of evidence.

ported by evidence.[8]

The trial judge filed the following special findings of fact:

"This is an action of contract brought by Robert C. Sechrest (Plaintiff) against George E. Safiol (Defendant) to retain as liquidated damages money paid as a deposit on the purchase of real property in Wellesley, Massachusetts.

After hearing the evidence and examining the exhibits I find that on September 20, 1977 the Plaintiff and the Defendant signed a formal purchase and sales agreement whereby the Defendant agreed to buy land belonging to the Plaintiff on Woodcliff Road in Wellesley, Mass. The Defendant paid a deposit of $3,800.00. The time for performance and delivery of the deed was October 21, 1977 subject to paragraphs 31-34 of the purchase and sales agreement (Pltf. Exh. 1). By mutual agreement of the parties the date for performance was extended to December 9, 1977 for the reason that the Defendant had not obtained all permits and approvals reasonably necessary for the construction of a single family residence on the land in question. On December 9, 1977 the Defendant, through his lawyer, orally and in writing notified the Plaintiff that he was canceling the agreement in accordance with the provisions of paragraph 31 of the agreement. The written confirmation of the defendant's cancellation was hand delivered to the Plaintiff on December 9, 1977 at about 6:00 P.M. at which time the defendant requested the return of the deposit money. At no time did the Defendant submit an application or plans to the Town of Wellesley for a building permit or any other approval necessary from the Town for the construction of a single family residence. The real property in question was located in a prime residential area of Wellesley and the defendant intended to have a custom home constructed on the site. Following the execution of the purchase and sales agreement the Defendant employed the services of an architect to design a custom home. The services of the architect were paid for by the defendant by checks dated October 17, 1977 and November 4, 1977, each check in the amount of $800.00. The architect prepared preliminary drawings and the Defendant settled upon a builder to whom the preliminary drawings were submitted for a price.

In November of 1977 and before the builder and the Defendant finalized a contract the builder informed the Defendant that he would not be available for construction. Thereupon the defendant spoke to several other builders and although he received building estimates, the plans were never finalized nor was a builder agreed upon. The Defendant was informed that the extension to December 9, 1977 was the last that the Plaintiff would allow and since his plans were not finalized he canceled the agreement in accordance with paragraph 31 of the purchase and sales agreement. I, therefore, find that the Defendant acted in good faith in his dealings with the plaintiff, made all reasonable efforts to get finalized plans, took reasonable steps to comply with the terms of the agreement, and gave proper notice of cancellation in accord with the purchase and sales agreement."

The judge, upon motion, amplified his findings of fact by filing additional fin-

---

[8] Article 31 of the agreement is as follows: "The BUYER'S obligations under this agreement are conditioned upon BUYER obtaining from the proper public authorities all permits and other approvals reasonably necessary, in the judgment of BUYER'S attorneys, for construction of a single family residence, similar to those in the neighborhood, on the land being purchased under this agreement. If the BUYER has not obtained all such permits and approvals, with appeal periods, if any, having expired, on or before October 14, 1977, then at the BUYER'S option all payments made hereunder by the BUYER shall be refunded forthwith and all other obligations of the parties hereto shall cease, and this agreement shall be void and without recourse to the parties hereto."

ngs of fact after entry of judgment. Dist./ Mun. Cts. R. Civ. P. 52(b). The additional findings are as follows:

"Only the Buyer was represented by counsel in the formation of the Agreement.

After the Agreement was executed the parties had no direct communication with one another, and all communications relating to performance under the Agreement were initiated by Buyer's attorney.

The only communications made to Seller by Buyer's attorney during the 80 days between September 20, 1977 and December 9, 1977 occurred on October 14, November 14, and November 22, dates upon which Buyer's time to perform was scheduled to expire."

The trial judge indicated in the report that there was "additional evidence", which established the following facts which appellant believes to be material to this appeal:

"Buyer's attorney was instructed to cancel the Agreement on December 9, 1977 by house counsel for American Biltrite, the company of which Buyer was president.

Buyer did not communicate to Seller the fact that in November of 1977 his builder had informed him that he would not be available for construction.

The estimates received from the builders subsequently contacted by Buyer were higher than the estimate which had been given by the first builder.

Neither Buyer nor any representative of his communicated in any way with the Town's building inspector or his office.

Nothing about the lot itself prevented Buyer from applying for a building permit.

A permit application in proper form would contain plans which showed elevations, foundations, floor plans and framing."

The proper method to obtain review of an alleged inconsistency between findings

of fact of a trial judge is initially to bring to his attention, by way of a motion to correct the inconsistency or a motion for a new trial. Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153 (1951); Gould v. Kozlowski, 351 Mass. 708 (1967). Generally, a request for report lies only for a ruling of law and not a finding of fact. Butler v. Cromartie, 339 Mass. 4, 6 (1959); Muir Brothers Co. v. Sawyer Construction Co., 328 Mass. 413, 414-415 (1952). A request for report, unsupported by a prior request for ruling of law, that appellant was aggrieved by findings of fact generally does not raise the question of the sufficiency of evidence to support such findings. Massachusetts General Hospital v. Quincy, 348 Mass. 791 (1965). The appropriate method to test the sufficiency of evidence to support the finding of the judge is by a request for a ruling that the evidence either warrants or does not warrant such finding Reid v. Doherty, 273 Mass. 388, 389 (1930). Since the findings of the trial judge were based at least in part upon oral evidence, we are not at liberty to substitute our own inferences and conclusions for his. Andrews v. Metropolitan Life Ins. Co., 295 Mass. 215, 221 (1936). Such findings may not be disturbed on appeal if they are supported by any rational view of the evidence Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224 (1941), MacDonald v. Adamian, 294 Mass. 187, 190 (1936) We conclude the trial judge's findings were not plainly wrong. See Gidwani v. Wasserman, 373 Mass. 162, 166 (1977).

The bank's reliance on the case of Sitta v. McCarthy, 336 Mass. 399 (1957) is misplaced. The reported evidence in that case afforded no basis for the trial judge's determination that the sanitation and virtually condemned the site, thereby obviating the need for further discussion about the happening of the condition precedent. Since it was this finding that prompted the judge's conclusion that the developer was excused from performance, the court reversed Id., p. 404-405. Also, in contrast to the instant case, the Dent did file a request for ruling

as to the sufficiency of evidence to warrant a finding that the plaintiff used reasonable effort to obtain the necessary approvals. Id., p. 402. Generally, the question of whether reasonable effort was employed to bring about the happening of a condition precedent is a question of fact. The court's exposition of the allocation of the burden of persuasion on the requirement of "reasonable effort" is both pertinent and instructive:

"2. Even under an express requirement that 'reasonable effort' be employed, uncertainty necessarily will exist about what effort must be made. Compare **Widebeck v. Sullivan**, 327 Mass. 429, with **Ross & Roberts, Inc. v. Simon**, 326 Mass. 12, 15-17. In each instance it is a question for the trier of the facts whether reasonable efforts have been exerted. However, the plaintiff, in order to show that he has done enough to meet the condition precedent to his to cancel, need prove not absolute impossibility, but merely activity reasonably calculated to obtain the approval by action or expenditure not disporportionate in the circumstances. Compare **Forester v. O'Connell & Lee Mfg. Co.**, 328 Mass. 377 (where, although the agreement did not expressly require efforts by the vendors, the court, at pages 379-380, stated that the inference was justified that reasonable efforts had been made); **Livoli v. Stoneman**, 332 Mass. 473, 475-476 (where the agreement was held not to require action 'at any cost' to the buyer)."

We determine that there was no prejudicial error and order that the report be dismissed.

So ordered.
Daniel H. Rider, J.
Robert A. Welsh, Jr., J.
Charles E. Black, J.