Welsh, J.
This is a civil action in which plaintiff[2] alleges that her insurer failed promptly to acknowledge and act upon and to settle her claim for medical expenses allegedly incurred as a result of an automobile accident which occurred on August 26, 1989. G.L.c. 93Aand G.L.c. 176D, §3(9)(b).
The defendant denied it was dilatory in processing the claim and asserted that there was a lack of causal nexus between the medical bills for which reimbursement was sought and the accident in question.
The trial judge found for the defendant and entered judgment accordingly.
There was no error.
The plaintiff was a 26-year old nurse with a history of intermittent sciatica, and had experienced some back pain due to lifting a patient in June of 1989. She was involved in an accident with another vehicle in Fall River on August 26, 1989. There was a relatively small repair bill (about $1400) and although she complained of a tingling sensation in her right leg and some back pain at the time, she returned to work after two or three days of rest at home.
The insurance company paid for the damage to the plaintiffs car and any medical and hospital bills from the date of the accident until February of 1990. In October, 1989, the adjuster noticed that no statement of lost wages had been received. The plaintiff told him that no additional medical bills were expected. At that, the adjuster sent her a P.I.P. application, which was not returned. There was evidence that would warrant a finding that at least until February 27, 1990, the insurer’s assessment that this was a relatively minor accident with injuries of a minor nature was reasonable. At that time, the insurance company became aware that a claim for lost wages was being made for lost wages beginning February 14, 1990. The claim supervisor indicated that the company would honor a commitment apparently made by a claims adjuster who had left the firm, even though the evidence in the file in support of that commitment was scanty at best. However, when the new claim for lost wages commencing February 14, 1990, with a substantial hiatus in treatment, the insurer’s claim supervisor began to have misgivings as to whether the injury was loss related. The company then requested an independent medical exam by a Dr. Horan who examined the plaintiff on August 13, 1990. Dr. Horan took a detailed history, including her complaint of backaches prior to the accident. The plaintiff failed to disclose to the doctor the loss of 2 or 3 days from work because of back strain due to lifting a heavy patient. Of course, it was for the trial judge to determine credibility and to decide what weight to give to the plaintiff’s failure to disclose this event which occurred about 10 weeks prior to the accident *144 in question. The doctor concluded that the problems with the patient’s back were not causally related to the accident.
While there was certainly evidence that tended to support plaintiffs theory of recovery, none of it was controlling in the sense that the judge was bound by it.
The judge allowed plaintiffs requests for rulings as correct statements of law, but as not in accord with the facts he found. Rarely can an appellant predicate reversible error upon a judge’s allowance of rulings of which he himself is the proponent. Franco v. Marinow, 58 Mass. App. Dec. 29, 33 (1976). The trial judge did not make specific findings of fact. He is not required to do so in civil cases tried in the district court. Rule 52(a), Dist./Mun. Cts. R. Civ. P.
In a word, the judge was under no compulsion to believe the witnesses by the plaintiff. The judge’s decision to credit the defendant’s evidence was within his discretion and cannot be pronounced “plainly wrong.” See Codman v. Beane, 312 Mass. 570, 573 (1942). Rarely can a party having the burden of proof be entitled to a finding in his or her favor as a matter of law. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943). The instant case is within this general rule.
The appeal is dismissed.
So ordered.

John Silvia, the spouse of the plaintiff, did not participate in the appeal.