Donovan, J.
In this matter, the minor plaintiff, through his father and next friend, brought suit to recover for personal injuries sustained when he fell on a “discarded, rusted, charcoal grill” that the defendant had neglected to remove from its property. The plaintiff alleged that the defendant had a duty to keep its premises free from defects which would present a clear and present danger to tenants and their guests. The defendant denied the allegations and asserted contributory negligence and intervening/superseding causes as affirmative defenses.
After trial, the Court entered judgment for the plaintiff and awarded damages in the amount of $15,000. The trial court found the following facts:
On July 8,1990, Daniel Limardo, then 6 years old, was playing Cops and Robbers in the backyard of 107 Pearl Avenue in Revere with his cousins who lived there and with other children. Daniel was a ‘Robber’ and had been ‘jailed’ in a corner of the yard covered with concrete adjacent to a rubbish bin. On the ground near the bin was a low (no more than two feet high) discarded, rusted, charcoal grill without a cover which has been ‘there whenever [Daniel Limardo] was over there.’ Daniel had been there often prior to July 8,1990.
As Daniel ‘escaped’ from the jail he was tripped by a playmate and fell on a dull pointed piece of material attached to the grill. He cut his right forearm and was rushed to the East Boston Neighborhood Health Center and then to the Children’s Hospital where he received 84 stitches inside and outside on his arm. He is now 13 years old and still has a very visible 5 or 6 inch scar on his arm, which is not remediable by plastic surgery.
*80 The property, 107 Pearl Avenue, was owned by the Pearl Realty Trust. Robert De Pasqulae was a Trustee of the Trust. He mowed the grass, painted, and did general maintenance at the property. The Trust owed a duty of care to Daniel Limardo. Such duty was breached by the failure to remove the grill from harms way. '
In this appeal, the defendant/appellant claims to be aggrieved by the Court’s denial of its Motion to Dismiss and by the Court’s response to the following Requests for Rulings:
11. The evidence requires a finding that the grill was not a premise defect and the plaintiff cannot recover.
COURT: This is a request for a finding of fact; no response required.
12. The evidence requires a finding that the plaintiff’s fall was caused by the act of a third person so that the plaintiff cannot recover against the defendant.
COURT: This is a request for a finding of fact; no response required.
13. The evidence requires a finding that the defendant exercised reasonable care so that the plaintiff may not recover.
COURT: This is a request for a finding of fact; no response required.
When an action at law is tried without a jury, the trial judge is required to occupy a dual position: to correctly lay down the guiding principles of law and to determine what the facts are. See, e.g., Vigneau v. Villani, 1980 Mass. App. Div. 36. However, the standard of review for the Appellate Division is restricted; absent clearly erroneous findings of fact, it cannot review the trial judge’s factual findings as such. G.L.c. 231, §§108-110; Mass. R. Civ. R, Rule 52. The trial judge’s findings are to stand if warranted in law upon any reasonably possible view of the evidence. See Heil v. McCann, 360 Mass. 507, 511 (1971).
The Appellate Division may only rule on questions of law; an appeal of a general finding does not present a question of law for review. Carlino v. Aetna Casualty & Surety Company, 1993 Mass. App. Div. 191, 192; Chadwick v. Desroches, 333 Mass. 769 (1956). Nor can the Appellate Division substitute its own judgment for that of the trial judge who, by virtue of his first hand view of the presentation of evidence, is in the best position to decide the weight and credibility of the evidence. Drain v. Brookline Savings Bank, 327 Mass. 435 (1951).
In the instant case, the trial court’s refusal to grant the forementioned Requests for Rulings was proper. The only question for this court to review on the denial of said requests is whether upon the evidence, with all rational inferences drawn therefrom, a finding for the plaintiff can be sustained. Heil, 360 Mass. at 511, citing Moss v. Old Colony Trust Co., 246 Mass. 139, 143 (1923). The specific requests, as presented by the defendant/appellant, constitute arguments for factual conclusions rather than statements of legal principle. There are no requirements for the trial judge to make findings of fact. Mass. R. Civ. R, Rule 52; Mackenzie v. Auto Supermart Inc., 1968 Mass. App. Div. 165. As such, the Requests for Rulings were properly responded to by the trial judge.
Lastly, after weighing the disputed issues of fact, the trial court found the defendant/ appellant’s negligence to be the proximate cause of the plaintiff’s injury. Consequently, there was no error of law nor an abuse of discretion in the trial court’s denial of the defendant/appellant’s Motion to Dismiss. Moran v. Pieroni, Inc., 326 Mass. 516 (1950).
Finding no errors of law, the decision of the trial court is affirmed.
The appeal is hereby dismissed.